### State v. Sparks
*[Cite as 7 AOA 463]*

*Case No. 90AP-220, 90AP-221*

*Franklin County, (10th)*
*Decided September 13, 1990*

*Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor, and Thomas K. Lindsey, for Appellee.*

*James Kura, Public Defender, and John W. Keeling, for Appellant.*

RUMER, J.,

This matter is before the court on two consolidated cases arising from convictions and sentencings of defendant-appellant in the Franklin County Municipal Court. For the reasons hereafter stated, this court finds that defendant's first and second assignments of error are well-taken. The facts necessary to understand this case are simple, undisputed, and plaintiff-appellee concedes reversal is appropriate.

Defendant was arrested December 21, 1989 and charged with operating a motor vehicle while under the influence in violation of R.C. 4511.19, a misdemeanor of the first degree, and possession of marijuana in violation of R.C. 2925.11, a minor misdemeanor he matter was scheduled for a jury trial on January 18, 1990. On trial day, the defendant was offered a plea bargain of pleading guilty to the charge of being under the influence, given a sentence of credit for time served, and a dismissal of the possession of marijuana charge. The defendant rejected this offer on the basis that he was not operating a motor vehicle under the influence as alleged. The matter was continued over defendant's objection because the state's witnesses were not present. Defendant remained in

custody from arrest until January 19, 1990, when he posted bond.

On January 22, 1990, after consultation with the arresting officers, the state offered to amend the under the influence charge to reckless operation in violation of R.C. 4511.20, a manor misdemeanor, exchange for guilty pleas to both the amended charge and possession of marijuana charge. The defendant accepted the state's offer and entered guilty pleas to the charges as amended. The trial court imposed a sentence of $100 and costs, or fifty hours of community service as to each offense. Defense counsel objected to the imposition of the fines and argues the fines should be suspended because of defendant's pretrial confinement. The trial court refused counsel's request and allowed the sentence to stand.

Defendant presents three assignments of error for review by this court. They are as follows:

"1. The trial court erroneously imposed the maximum fine on each of the defendant's two minor misdemeanor convictions without giving proper consideration to the time the defendant spent in pretrial confinement.

"2. The trial court erred when it sentenced the defendant to perform one hundred hours of community service if he did not pay the fines on two minor misdemeanor convictions.

"3. The trial court erred when it imposed the maximum fine on convictions of two minor misdemeanors without an inquiry into the defendant's ability to pay the fines."

The issue presented by defendant's first assignment is whether a trial court must give credit for any pretrial detention of a defendant who is convicted of a manor misdemeanor, punishable by only a fine. This issue must be answered in the affirmative.

In *Haddox v. House* (1975), 44 Ohio App. 2d 389, this court held that a defendant charged with a felony but later convicted of a misdemeanor was constitutionally entitled to have all pretrial confinement time credited towards his misdemeanor sentence. Citing *White v. Gilligan* (S.D. Ohio 1972), 351 F. Supp. 1012, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, this court determined "*** it is required that the time spent by the petitioner [defendant] in jail prior to trial must be credited to his sentence. ***"

The Ohio legislature subsequently enacted R.C. 2949.08 relative to the appropriate calculation of credit for misdemeanant pretrial confinement against any sentence. The case *sub judice* presents the issue of how to apply, if ever, R.C. 2949.08 to a misdemeanant conviction when there has been pretrial confinement but the possible penalty on sentencing cannot include incarceration.

It is axiomatic that a person cannot be imprisoned for fines if he cannot be imprisoned on the principal offense unless the procedures codified in R.C. 2947.14 are followed. While R.C. 2947.14 does not specifically address the issue raised herein, when read *in pari materia* with R.C. 2949.08, it is clear the defendant must be given credit for each day of pretrial confinement against any fines imposed.

The record indicates that the defendant had a parole holder against him until December 26, 1989. The defendant was held in lieu of bond, solely on the charges for which the convictions lie for twenty-four days. Therefore, applying R.C. 2947.14 to the facts, defendant more than served sufficient time to absolve him of further liability on the sentence. In monetary terms, defendant is entitled to credit of up to $720 against his fines and costs.

Pursuant to R.C. 2494.08 and 2947.14 and the Equal Protection Clause of the United States Constitution, as applied to the facts of this case, this court holds that any pretrial confinement of a defendant on charges which ultimately are concluded by a conviction for a charge which constitutes a manor misdemeanor must be credited against any fine or costs imposed by the sentencing trial court. Defendant's first assignment is affirmed, the judgment entered n each case reversed, and the matter remanded to the trial court with instructions to credit those amounts required by this decision in each case.

Defendant's second assignment presents an issue of whether a trial court can impose community service restraints on a defendant who is convicted of a nonjailable offense. Since sentencing parameters are a legislative creature, the trial court has no authority to impose a sanction greater than permitted by the sentencing statutes. Community service is a condition of probation, probation is a condition of suspended incarceration, and thus it follows an offense sanction must include possible incarceration

time before a court can order community service. This court decided this issue in *Columbus v. Chenowith* (Oct. 8, 1985), Franklin App. No. 85AP-400, unreported (memorandum decision). The second assignment of error is sustained.

As to defendant's third assignment of error, this court finds it appropriate to overrule the same in light of its rulings on the first and second assignments. The proposition presented is either moot or premature, depending upon the proceedings taken by the trial court upon remand.

Accordingly, we reverse the judgments of the Franklin County Municipal Court, and remand each case to the trial court for resentencing consistent with this decision and in accordance with law.

*Judgments reversed and causes remanded.*

REILLY, P.J., concurs.

RUMER, J., of the Allen County Court of Common Pleas, setting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring separately.

Although I concur in the analyses in the opinion, I feel it is appropriate also to point out that the state through the prosecutor conceded error as to the first two assignments of error and "urged" this court to reverse the judgment for these reasons.