OPINION
{¶ 1} Defendant, James Joseph Nagy, appeals from a judgment of the court of common pleas imposing an aggregate sentence of three years imprisonment upon Nagy's convictions for five felony offenses. The court further ordered that Nagy be given eleven days jail time credit against his three year sentence.
 {¶ 2} In his sole assignment of error, Nagy argues that the trial court deprived him of his Fourteenth Amendment rights to due process and equal protection of the law when it failed to grant him additional jail time credit for time he had spent in confinement.
 {¶ 3} "[W]here, for whatever reason, a defendant remains in jail prior to his trial[,] he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement." Whitev. Gilligan (1972), 351 F. Supp. 1012, 1014. The requirement enforces the Fourteenth Amendment right to equal protection of the law. Workman v.Cardwell (1972), 338 F. Supp. 893.
 {¶ 4} R.C. 2967.191 codifies the holding in White. It credits a convicted defendant with the "total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." However, where the incarceration also arose out of a set of facts separate and apart from the conviction or convictions on which sentence is imposed, the statutory credit is inapplicable. State ex rel. Jordan v. Haskins (1998), 131 Ohio App.3d 791.
 {¶ 5} R.C. 2967.191 further provides that it is the Department of Rehabilitation and Correction which must reduce a prisoner's stated prison term by the number of days of the jail time credit to which he is entitled. Even so, "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." State ex rel. Rankin v.Ohio Adult Parole Authority, 98 Ohio St.3d 476, 478, 2003-Ohio-2061. Therefore, "alleged errors regarding jail-time credit . . . may be raised by way of the defendant's direct appeal of his criminal case." Id., at p. 479, citing State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426.
 {¶ 6} When the trial court imposed Defendant-Appellant Nagy's sentences it further found that he is entitled to eleven days jail-time credit against his term of imprisonment. The following colloquy then ensued:
 {¶ 7} "MR. NYSTROM:[1] My understanding is that Mr. Nagy was arrested on the 8th of October. Bond was set which he — on this case, and he has been held in the local jails throughout that entire period. And my count would suggest that he should be getting credit for 143 days.
 {¶ 8} "THE COURT: My understanding is that he was being held on a Municipal charge.
 {¶ 9} "ANGELA BIGNELL:[2] Your Honor, he was sentenced through Fairborn Municipal Court on two counts of contributing to the delinquency of a minor. He got six months concurrent on those charges — I'm sorry, consecutive on those charges, and he had a theft where he got a six month concurrent sentence. Those offenses occurred on August 13th of 2002, and he was sentenced through the Fairborn Municipal Court on those charges, I believe in October. Therefore, those charges came before our charges and he was serving a sentence, therefore he wouldn't receive additional jail time credit.
 {¶ 10} "THE COURT: This discussion was had by the Court with Probation Department regarding the amount of jail time credit, and it is our conclusion that what he is entitled to under the code is 11 days of credit.
 {¶ 11} "If you dispute that, Mr. Nagy, you're welcome to file a motion to that effect and we'll take a look at it, but we have looked at this and he was sentenced in the Fairborn Municipal Court serving that sentence.
 {¶ 12} "MR. NYSTROM: Then in which case when he should not have had a bond.
 {¶ 13} "THE COURT: What do you mean should not?
 {¶ 14} "MR. NYSTROM: As soon as the bond attached to him, then he's being held under a felony matter. Felony time must be — any misdemeanor time must be served concurrent with felony time.
 {¶ 15} "THE COURT: Well, it is not my interpretation of the statute. And, again, as I say, if you have a different interpretation, you're welcome to file the motion to that effect. But it is the Court's interpretation that he is not entitled to those days of jail time credit because the Municipal Court sentence.
 {¶ 16} "MR. NYSTROM: Thank you.
 {¶ 17} "THE COURT: Thank you." (T. pp. 6-8).
 {¶ 18} Defendant-Appellant's objection that he is entitled to more jail-time credit than the trial court ordered invoked the Fourteenth Amendment right to equal protection which R.C. 2967.191 enforces. His Fourteenth Amendment right to due process of law then entitled him to a hearing on his objection. Inasmuch as the objection was to the correctness of a factual determination the court is required to make, the court could not overrule the objection on the mere unsworn representations of its probation officer concerning whether Defendant-Appellant's prior incarceration arose out of a set of facts separate and apart from the conviction or convictions on which his sentence was imposed.
 {¶ 19} Defendant-Appellant was not required to file an additional motion. By invoking his R.C 2967.191 right as entitling him to a particular result, 143 days jail credit instead of eleven, Defendant-Appellant put the court and the state on notice of his claim and the alleged facts upon which the claim was grounded. It then became the State's burden to show that he is not so entitled because some or all of the 143 days for which Defendant-Appellant sought jail-time credit actually arose out of a set of facts separate and apart from the criminal conduct involved in his offense.
 {¶ 20} The State might prove the exception to R.C. 2967.191 through certified copies of official records admissible pursuant to Evid.R. 1005, or by testimonial evidence. A defendant is entitled to challenge the State's evidence by cross-examination and through contrary proof and argument. When the record is complete, the court may proceed to make the factual determination on which its jail-time credit is based.
 {¶ 21} The court is not required to conduct an evidentiary hearing on the factual determination that State ex rel. Rankin now requires the court to make absent a sufficient objection by a defendant to the court's failure to order a jail-time credit or to order one which is correct. Unlike a finding of fact that enhances a sentence above a statutory maximum, a jail-time credit finding is not an element of the crime charged on which an accused is entitled to a jury finding or the reasonable doubt standard. See Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 146 L.Ed.2d 216. A jail-time credit challenge is more akin to a pretrial motion to suppress evidence, which, though it is grounded on a constitutional right, must nevertheless be presented to the court in the form of a proper application in order for the right to be invoked. And, like a motion to suppress, an objection grounded on a defendant's R.C. 2967.191 right and the court's duty to enforce it is determined on a preponderance of the evidence standard, not the reasonable doubt standard.
 {¶ 22} As a final matter, the State asks us to revisit our holding in State v. Ruby, 149 Ohio App.3d 541, 2002-Ohio-5381, to the extent that it conflicts with our holding in State v. Zuder (Feb. 7, 1997), Champaign App. No. 96-CA-11. The conflict involves whether incarceration on other charges avoids the jail-time credit for the days concerned. Ruby stated that it did not; Zuder held that it did. Zuder is correct, and, though our statement in Ruby was dicta, the suggestion it makes is rejected as inconsistent with the requirements of R.C. 2967.191.
 {¶ 23} The assignment of error is sustained. The trial court's judgment of sentence will be reversed, in part, and its order granting Defendant-Appellant eleven days jail-time credit will be reversed. The case will be remanded for further proceedings on that matter consistent with this opinion.
Fain, P.J. and Brogan, J., concur.
[1] Defense Counsel.
[2] Court's probation officer.