OPINION
{¶ 1} Defendant-appellant, Timothy W. Siney, Jr., appeals the denial of his motion for jail-time credit.
 {¶ 2} Siney was convicted on charges of breaking and entering, grand theft, and theft and sentenced to a total of 28 months in prison. Siney received a 96-day sentence credit for time spent in jail awaiting trial on the Warren County charges.
 {¶ 3} After he was sentenced, Siney moved for an additional 110 days of jail-time credit for time he spent incarcerated in Montgomery County on an unrelated breaking and entering charge. The trial court denied Siney's motion and, in a single assignment of error, Siney claims he was improperly denied jail-time credit that arose out of the offense for which he was convicted.
 {¶ 4} R.C. 2967.191 provides:
 {¶ 5} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 6} Siney argues he should receive a credit for the time he was incarcerated in Montgomery County. In support of his position, Siney relies on State v. Ruby, 149 Ohio App.3d 541, 2002-Ohio-5381, claiming he is entitled to credit for all periods of confinement, including time during which he was held on charges other than those for which he was sentenced.
 {¶ 7} Siney's reliance on Ruby is misplaced.
 {¶ 8} In State v. Nagy, Greene App. No. 2003CA21, 2003-Ohio-6903, the Second District Court of Appeals held that although R.C. 2967.191 credits a convicted defendant with the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, where incarceration also arose out of a set of facts separate and apart from the conviction or convictions on which sentence is imposed, the statutory credit of R.C. 2967.191 is inapplicable. Specifically, the court stated that "though our statement in Ruby was dicta, the suggestion it makes [that the accused is entitled to credit for any incarceration even though he was incarcerated on other charges] is rejected as inconsistent with the requirements of R.C. 2967.191." Nagy at ¶ 22.
 {¶ 9} Appellant was held in Montgomery County on a breaking and entering charge wholly unrelated to the Warren County charges against him. Consequently, he is not entitled to jail-time credit for the 110 days he was incarcerated in Montgomery County. Id. See, also, State v. Goehring, Ottawa App. No. OT-03-035, 2004-Ohio-5240, ¶ 10. For these reasons, appellant's sole assignment of error is hereby overruled.
 {¶ 10} Judgment affirmed.
Young and Bressler, JJ., concur.