OPINION
{¶ 1} Defendant, Ulyses Green, appeals from his conviction for a minor misdemeanor parking violation, which was entered after the Kettering Municipal Court accepted Green's plea of no contest, and from a fine of $50.00 and obligation for costs which the court also imposed. Green's parking offense arose from improperly parking in a designated handicapped space in violation of a City of Kettering Ordinance. His conviction is not in issue. Green challenges only his monetary fine and court cost obligation.
ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT ERRED BY FAILING TO GIVE THE APPELLANT CREDIT FOR PREDISPOSITION CONFINEMENT IN A MINOR MISDEMEANOR CASE."
 {¶ 3} Green was charged with and convicted of violating Kettering Ordinance 452.04, which is a minor misdemeanor. At the time of Green's offense, in 2002, minor misdemeanors were punishable by fines of no more than one hundred dollars. R.C.2929.21(D).
 {¶ 4} Because he had failed to appear in response to his citation and a later summons, a warrant was issued for Green's arrest. He was arrested and released on April 13, 2003. When Green again failed to appear as ordered, another warrant was issued for his arrest.
 {¶ 5} Green was arrested and incarcerated on May 3, 2005. He was brought before the Kettering Municipal Court on May 5, 2005, and on that same date was convicted on his no contest plea. A fine of $50.00 was imposed. A court cost obligation was also imposed, which increased the total amount of Green's financial sanction to $158.00. Green filed a timely notice of appeal.
 {¶ 6} When a fine is imposed but an offender who is able to pay refuses to pay, he may be sentenced to a jail or workhouse until the fine is paid. R.C. 2947.14(A). In that event, the person imprisoned "shall receive credit upon the fine at the rate of fifty dollars per day or fraction of a day." R.C. 2947.14(D).
 {¶ 7} R.C. 2949.08(A) provides that a person convicted of a felony or a misdemeanor and who is sentenced to a term of imprisonment shall, along with his record, be delivered to the jailer or other keeper of the facility. R.C. 2949.08(C)(1) states:
 {¶ 8} "If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, includingconfinement in lieu of bail while awaiting trial . . ." (Emphasis supplied.)
 {¶ 9} The foregoing statutory provisions were enacted after and as a result of the holding in White v. Gilligan (1972),351 F. Supp. 1012. In that case, the Federal court found that an Ohio statute that denied jail time credit violated the equal protection clause of the Fourteenth Amendment as it applied to indigent defendants who are unable to post the bond a court has ordered. Expanding on that principle, the court in Gilligan
held that "where, for whatever reason, a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement." Id., at 1014.
 {¶ 10} Green argues that the trial court erred when it failed to credit him with having been incarcerated for four full or part days, on April 13, 2003 and from May 3 to May 5, 2005, at the statutory rate of $50.00 per day. A full credit of $200.00 would extinguish his fine and cost obligation of $158.00. Green relies on the holding of the Franklin County Court of Appeals in Statev. Sparks (1990), 69 Ohio App.3d 400.
 {¶ 11} In Sparks, a defendant who was arrested on December 21, 1989 on possession of marijuana and reckless operation charges was incarcerated until he posted bond on January 19, 1990, a period of twenty-nine days. He subsequently entered guilty pleas to two amended charges, reckless operation and possession of marijuana, both as minor misdemeanors. The trial court imposed a fine of $100.00 and costs. The defendant objected that the sum ought to be extinguished by applying a credit of $50.00 per day for the days he had spent in jail. The trial court overruled the objection.
 {¶ 12} On appeal, the Tenth District Court of Appeals noted that the defendant had also been confined on a parole holder from the time of his arrest on December 21, 1989, until December 26, 1989. Therefore, he was confined in lieu of a bond, solely on the minor misdemeanor charges of which he was convicted for the remaining twenty-four days, entitling him to a monetary credit of $720.00 against his fine and costs. The court wrote:
 {¶ 13} "Pursuant to R.C. [2949.08] and 2947.14 and the Equal Protection Clause of the United States Constitution, as applied to the facts of this case, this court holds that any pretrial confinement of a defendant on charges which ultimately are concluded by a conviction for a charge which constitutes a minor misdemeanor must be credited against any fine or costs imposed by the sentencing trial court." Id., at 402-403.
 {¶ 14} The State argues that Green is not entitled to a credit under the rule of Sparks because when he was arrested on April 13, 2003, and was again arrested on May 3, 2005 and confined until May 5, 2005, he was also incarcerated on warrants for his arrest issued by the Dayton Municipal Court and the Vandalia Municipal Court on other, unrelated charges. The State relies on another holding of the Franklin County Court of Appeals, in State v. Peck, Franklin App. Nos. 101AP1-379 and 02AP-146, 2002-Ohio-3889.
 {¶ 15} In Peck, the defendant was indicted on a possession of cocaine charge. At the time of his indictment, the defendant was incarcerated on a domestic violence charge. Eleven months later, the defendant pled guilty to the domestic violence charge and was sentenced to the eleven months he had been confined. Thirty-six days later, the defendant posted bond on the cocaine charge and was released. He subsequently pled guilty to the cocaine charge and was sentenced to serve three years. On appeal, the defendant argued that the trial court erred when it failed to give him any jail time credit against his three years sentence.
 {¶ 16} The appellate court sustained the assignment of error in Peck, but only with respect to credit for the thirty-six days the defendant had been confined on the cocaine charge after his plea of guilty to the domestic violence charge was accepted. The court stated that "[w]hen calculating jail-time credit, `a trial court is not required to recognize duplicate or multiple pretrial detention credit.'" Id., at ¶ 10, quoting State v.Callender (1992), Franklin App. No. 91AP-713. The court noted that the eleven months defendant spent in confinement on both charges until his plea of guilty to the domestic violence charge was accepted had already been credited against his sentence for that other offense, and therefore "the trial court did not err by refusing to award `double time credit' for the period in which he was held on both the domestic violence and possession of cocaine charges." Id., at ¶ 12.
 {¶ 17} The State also argues that Defendant-Appellant Green waived any right to complain that the trial court erred when it failed to credit the time he had served against the $158.00 monetary penalty the court imposed because he failed to object to that outcome in the trial court. The State relies on our holding in State v. Nagy, Greene App. No. 2003CA21, 2003-Ohio-6903. However, Nagy merely held that when the defendant invoked his right to the credit, the burden shifted to the State to show that he was not entitled to it. Nagy does not hold that failure to invoke the right in the trial court waives the right to argue error on appeal.
 {¶ 18} We believe that White v. Gilligan and the statutes enacted pursuant to it put an affirmative obligation on a sentencing court to grant a credit for jail-time served in lieu of bond against a financial sanction the court imposes for a minor misdemeanor offense, or any greater offense for which no term of confinement is imposed as a sanction for the offense. Then, if a credit is due, it is the sentencing court that must calculate and apply the credit. The further question is when and how that should be done.
 {¶ 19} We agree with the holding in Peck that a defendant is not entitled to a double-time credit, one equally applicable against multiple sentences imposed for two or more unrelated offenses. The proper resolution of the issue is to apply the credit, as in Peck, to the sentence imposed on but one of those multiple sentences to which a defendant pleads guilty or is convicted. If the prosecutor believes that no credit is due because a credit for the days a defendant was confined in lieu of bond has already been applied to a sentence imposed for another offense, the prosecutor may present evidence to the sentencing court in support of that proposition. If the court finds that the credit has been allowed, the court should decline to apply the same credit against the sentence the court imposes.
 {¶ 20} The record shows that Defendant Green was incarcerated on multiple arrest warrants on the four days concerned, but it does not reflect whether the relevant credit was applied against sentences that were imposed for the other charges for which Green was then also confined. Therefore, the trial court erred when it failed to determine whether Green is entitled to a credit for four days confinement at $50.00 per day, R.C. 2947.14(D), for a total of $200.00, against the $158.00 monetary sanction the court imposed. The assignment of error is sustained. Green's sentence will reversed and vacated and the case remanded for resentencing pursuant to this opinion.
Wolff, J. and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).