OPINION
{¶ 1} Mark Anthony Caver appeals from his conviction and sentence on charges of unlawful possession of a dangerous ordnance and violation of a protection order.
 {¶ 2} Caver advances three assignments of error on appeal. First, he contends the trial court erred in failing to sentence him to community control. Second, he claims the trial court erred in sentencing him to more-than-minimum terms of imprisonment. Third, he asserts that the trial court erred in imposing consecutive sentences.
 {¶ 3} In support of his first assignment of error, Caver contends the trial court neglected to make a finding that he was not amenable to community control. With regard to his second and third assignments of error, Caver claims the record does not support findings the trial court purportedly made to support the imposition of more-than-minimum and consecutive sentences. In response to Caver's arguments, the State notes that he has filed videotapes of his trial and sentencing hearing but has not provided typed or printed portions of those transcripts, as required by App.R. 9(A). Therefore, the State argues that the record fails to portray the errors about which Caver complains.
 {¶ 4} Upon review, we agree that the lack of a transcript precludes us from reviewing Caver's specific arguments. Appellate Rule 9(A) provides that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." We reminded Caver of this requirement in a January 17, 2006, decision and entry, directing his counsel to "make arrangements for the preparation of a written transcript to the extent it is necessary in accordance with App.R. 9(A)." Despite our admonition, Caver has failed to provide us with any typed or written transcript. Absent such a transcript, we cannot determine whether the trial court made a finding regarding his amenability to community control or whether the record supports findings the trial court purportedly made to support the imposition of more-than-minimum and consecutive sentences. Without a transcript, Caver's arguments necessarily fail. State v. Smith,
Montgomery App. No. 20835, 2005-Ohio-5588, ¶ 9-10; State v.Morris, Montgomery App. No. 21125, 2006-Ohio-2129, ¶ 2.
 {¶ 5} Despite the foregoing conclusion, Caver's more-than-minimum and consecutive sentences must be reversed and vacated in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855. In Foster, the Ohio Supreme Court declared unconstitutional portions of the Revised Code that require certain judicial findings before the imposition of more-than-minimum or consecutive sentences such as those Caver received here. Foster applies to any case pending on direct appeal when it was decided. Therefore, if the trial court made findings to support its more-than-minimum and consecutive sentences, it violated Foster and a remand for resentencing would be required.
 {¶ 6} On the other hand, if the trial court neglected to make the findings that were necessary prior to Foster, a remand for resentencing still would be required under Mathis. The appellees there had been convicted of multiple offenses and had received maximum and consecutive prison terms. The Eighth District Court of Appeals subsequently remanded for resentencing, holding that the trial court had failed to make findings or give reasons to justify the sentences. Upon review, the Ohio Supreme Court recognized that the missing findings and reasons no longer were required after Foster. It nevertheless affirmed the Eighth District's ruling and remanded for resentencing on the basis ofFoster.
 {¶ 7} In view of Foster and Mathis, we conclude that a remand for resentencing is necessary in this case, notwithstanding Caver's failure to provide us with a typed or written transcript. If the trial court made factual findings to justify his non-minimum and consecutive sentences, a remand is required under Foster. If the trial court did not make those findings, a remand for resentencing still is required underMathis. Therefore, the absence of a transcript does not prevent us from finding an error in sentencing.
 {¶ 8} Caver's sentences are hereby reversed and vacated, and the cause is remanded for resentencing.
Donovan, J., and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).