OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Paul Burgess, filed October 12, 2005. Burgess was found guilty by a jury in the Montgomery County Court of Common Pleas on four counts of rape of a person less than thirteen years of age, and he was sentenced to 15 years to life on each count. The court ordered the sentences on the first two counts to run concurrently and the sentences on the third and fourth counts to run concurrently, and the court ordered the sentences on the first two counts to be served
 {¶ 2} consecutively to the sentences on the third and fourth counts, for a total term of imprisonment of thirty years to life. Burgess was designated a sexually oriented offender.
 {¶ 3} Burgess appealed his convictions, and we reversed and remanded the matter for resentencing on July 22, 2005, because the trial court failed to comply with R.C. 2929.14(E)(4) and2929.19(B)(2)(c), "in that it failed to set forth its reasons for imposing consecutive sentences." The trial court re-imposed the sentence that was originally given, finding that "consecutive sentences are necessary to protect the public and punish the offender."
 {¶ 4} Burgess' sole assignment of error is as follows: "THE TRIAL COURT'S RESENTENCING OF APPELLANT MUST BE VACATED AS THE FACTORS AND PORTIONS OF THE SENTENCING STATUTES CITED BY THE TRIAL COURT DURING RE-SENTENCING HAVE BEEN FOUND TO BE UNCONSTITUTIONAL BY THE OHIO SUPREME COURT."
 {¶ 5} Burgess relies on State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Foster established a bright line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., nonminimum, maximum and consecutive sentences), pending on direct appeal at the time that Foster
was decided, must be reversed and remanded for resentencing, because judicial fact-finding violates a defendant's Sixth Amendment right to a trial by jury.
 {¶ 6} The State argues that "Burgess is judicially estopped from challenging his sentence."
 {¶ 7} "`[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'"New Hampshire v. Maine, 532 U.S. 742,749, 121 S.Ct. 1808
(internal citations omitted) (holding that New Hampshire was judicially estopped from claiming that its Piscataqua River boundary with Maine was such that the entire river and all of the harbor belonged to New Hampshire, when, in 1970 litigation over the states' lobster fishing rights, New Hampshire had argued that the boundary was "somewhere other than the Maine shore of the Piscataqua River"). "This rule, known as judicial estoppel, `generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.' (Internal citations omitted.) * * * [I]ts purpose is `to protect the integrity of the judicial process,' by `prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" Id. (Internal citations omitted.)
 {¶ 8} "Courts have observed that `[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle.'(Internal citations omitted). Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be `clearly inconsistent' with its earlier position. (Internal citations omitted). Second, courts must regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create `the perception that either the first or second court was misled[.]' (Internal citation omitted). * * * A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. (Internal citations omitted). SeeStanley v. Miamisburg (Jan. 28, 2000), Montgomery App. No. 17912 (rejecting, on the basis of judicial estoppel, a retaliatory discharge claim by a former police officer who testified in prior proceedings that his disability prohibited him from performing the duties of a police officer); AdvancedAnalytics Laboratories, Inc. v. Kegler, Brown, Hill Ritter,148 Ohio App. 3d 440, 773 N.E.2d 1081, 2002-Ohio-3328 (holding that plaintiff was judicially estopped in legal malpractice action from arguing that defendant attorneys breached their duty to ensure that all financial documents comported with the requirements of the UCC or that defendants were negligent in perfecting plaintiff's security interest, when plaintiff testified in earlier proceedings that the documents complied with statutory requirements and perfected plaintiff's security interests).
 {¶ 9} The above authorities cited by the State do not support its position. They involve parties in a civil context who contradicted their own previous sworn testimony to gain an unfair advantage. The matter herein is criminal, and Burgess has been sentenced under a section of the Ohio Revised Code that is now adjudged unconstitutional. Foster mandates that matters on direct appeal be reversed and remanded for resentencing in keeping with the Sixth Amendment right to a jury trial. Burgess' assignment of error is sustained. Judgment reversed and remanded for resentencing.
Wolff, J. and Milligan, J., concur.
(Hon. John R. Milligan retired from the Fifth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).