OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Naamon January, filed March 1, 2006. On January 11, 2006, January pled guilty to one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree. The trial court imposed a maximum sentence of ten years and found January to be a habitual sexual offender on February 1, 2006. January asserts the following sole assignment of error:
 {¶ 2} "THE SENTENCE IMPOSED UPON APPELLANT WAS UNLAWFUL IN THAT IT WAS BASED ON FINDINGS UNDER A STATUTE LATER FOUND UNCONSTITUTIONAL INSTATE V. FOSTER."
 {¶ 3} January relies on State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833.
 {¶ 4} We agree that Foster applies here and that January was sentenced in violation of the rule articulated therein. Accordingly, we sustain Johnson's assignment of error, reverse the trial court's judgment and remand the cause for resentencing consistent with Foster.
WOLFF, P.J. and FAIN, J., concur.