OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Joshua Newport, filed April 7, 2006. Newport appeals the denial of his December 28, 2005, Motion for Jail Time Credit.
 {¶ 2} On November 19, 2004, Newport was indicted on two counts of forgery, in violation of R.C. 2913.31(A)(3), felonies of the fifth degree, three counts of receiving stolen *Page 2 
property, in violation of R.C. 2913.51(A), felonies of the fifth degree, and one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree (case no. 2004 CR 837). On October 21, 2005, Newport entered a plea of not guilty to the above charges. On November 14, 2005, the State dismissed one forgery charge, one receiving stolen property charge, and the burglary charge against Newport in exchange for his guilty pleas as charged in two other matters, namely case nos. 2004 CR 572 and 2005 CR 758. In total, the trial court accepted pleas of guilty to five counts of receiving stolen property, two counts of forgery, and two counts of theft, and Newport received a total sentence of two years and six months. The trial court's Judgment Entry provides that Newport "is entitled to 58 days as of this date along with future custody days while Defendant awaits transportation to the state institution."
 {¶ 3} In his Motion for Jail Time Credit, Newport argued that he was held as follows for jail time credit purposes: from November 23, 2004 until January 31, 2005, in Daytona Beach Florida, for a total of 70 days; from January 31, 2005 until September 22, 2005, in Land-O-Lakes, Florida, for a total of 233 days, and from September 22, 2005 until September 28, 2005, in Daytona Beach, Florida, for a total of six days, entitling him to 319 days of additional jail time credit.
 {¶ 4} Newport's Brief does not set forth a specific assignment of error, however his solitary complaint is that he is entitled to additional jail time credit. It is evident from the record that Newport was extradited from the State of Florida to answer to the Greene County indictments, but it cannot be determined on this record if additional jail time credit was reasonably denied. No hearing was conducted and the court did not make a factual determination that the additional time requested resulted from a period of incarceration arising *Page 3 
from facts which are separate and apart from those on which Newport's current sentence is based.
 {¶ 5} The law in Ohio is clear that "`the department of rehabilitation and correction shall reduce the state prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competency to stand trial, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's term. R.C. 2967.191.
 {¶ 6} "`R.C. 2967.191 is not an inclusive statute, meaning the statute lists situations where credit for time served is applicable, but it does not limit the situations where it is applicable to only those listed in the statute. Thus, even though credit for time served while awaiting extradition is not listed in the statute, it does not preclude a defendant from receiving credit for that time served as long as the reason for the confinement arose out of the offense for which the prisoner was convicted and sentenced." State v. Neville, Belmont App. No. 03 BE 68, 2004-Ohio-6840. "`[I]t is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence.' (Internal citations omitted). Therefore, `alleged errors regarding jail-time credit * * * may be raised by way of the defendant's direct appeal of his criminal case.'" (Internal citations omitted). State v. Nagy, Greene App. No. 2003CA21, 2003-Ohio-6903. A defendant's objection that he is entitled to more jail time credit than the trial court ordered invokes his Fourteenth Amendment right to equal protection which R.C. 2967.191
enforces. Id. It then becomes the *Page 4 
State's burden "to show that he is not so entitled because some or all of the * * * days for which Defendant-Appellant sought jail-time credit actually arose out of a set of facts separate and apart from the criminal conduct involved in his offense." Id." * * * an objection grounded on a defendant's R.C. 2967.191 right and the court's duty to enforce it is determined on a preponderance of the evidence standard, not the reasonable doubt standard." Id. See, State v. Nunez, Montgomery App. No. 21495, 2007-Ohio-1054.
 {¶ 7} The record reveals that Newport was taken into custody on November 23, 2004, in Volusia County, Florida, on a warrant issued November 19, 2004, in case no. 2004 CR 837. While it is clear from the record that Newport was detained in Florida awaiting extradition, it is unclear, and the trial court's decision does not address, how much time if any Newport served solely on the Ohio charges pending against him as opposed to the unrelated Florida charges. The trial court gave no rationale for its calculation of 58 days of jail time credit, and in overruling Newport's Motion, the trial court simply stated that the motion was "not well-taken." "This court has held that where the record before it provides no basis to support the decision of the trial court regarding jail time credit the case should be remanded to the trial court to calculate the amount of jail time credit and to place on the record its factual findings regarding its calculation." State v.Sodders (Aug. 6, 1999), Miami App. No. 98 CA 35. Accordingly, this matter is reversed and remanded to the trial court for the appropriate calculation.
WOLFF, P. J. and BROGAN, J., concur.
Copies mailed to:
Elizabeth A. Ellis
Joshua Newport
 Hon. Stephen A. Wolaver *Page 1