OPINION
{¶ 1} Keith W. Jenkins pled guilty to one count of burglary in the Clark County Court of Common Pleas. On September 28, 2005, the court sentenced him to five years in prison. Jenkins did not file a timely appeal. However, Jenkins sought leave to file a delayed appeal, which we granted on May 3, 2006. Jenkins appeals his sentence based on State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *Page 2 
 {¶ 2} In his sole assignment of error, Jenkins claims that the trial court imposed a non-minimum sentence under R.C. 2929.14(B), which the Supreme Court of Ohio held to be unconstitutional in Foster. Jenkins asserts that the court erroneously found that there was a high likelihood of recidivism and made findings regarding the seriousness of his offense. Jenkins requests that his sentence be reversed and his case be remanded for resentencing.
 {¶ 3} In response, the state questions whether Jenkins's case was pending on direct appeal at the time Foster was decided, because he did not timely appeal and he was not granted a delayed appeal until afterFoster. Although the state does not concede that Jenkins's argument on appeal is meritorious, it does not oppose a remand for resentencing.
 {¶ 4} Although Jenkins's notice of appeal was not filed until afterFoster was decided, we consider his case to be pending on direct appeal within the meaning of Foster. See State v. January, Clark App. No. 2006-CA-21, 2007-Ohio-435; State v. Corbin, Allen App. No. 1-06-23,2006-Ohio-6902.
 {¶ 5} On appeal, Jenkins claims that his sentence is unconstitutional in light of Foster. In Foster, the Supreme Court of Ohio held that portions of the sentencing statute are unconstitutional, because they require judicial fact-finding. The unconstitutional portions include R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C.2929.19(B)(2); and R.C. 2929.41(A). The supreme court severed the provisions that it found to be unconstitutional.
 {¶ 6} R.C. 2929.11 and R.C. 2929.12, which set forth statutory "considerations" and do not require judicial factfinding, were not affected by Foster. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, ¶ 38. R.C. 2929.11 sets forth the *Page 3 
purposes of felony sentencing. R.C. 2929.12 instructs the court to consider seriousness and recidivism factors.
 {¶ 7} R.C. 2929.13(D) also survived Foster. Indeed, the supreme court held in Mathis that "a trial court at sentencing is required to make judicial findings only for a downward departure pursuant to R.C.2929.13(D) or a judicial release pursuant to 2929.20(H). When findings under R.C. 2929.13(D) or 2929.20(H) are missing from the appellate record, the appellate court shall remand the case to the sentencing court to state on the record the required findings pursuant to R.C.2953.08(G)(1), after which the appellate court shall either affirm or modify the sentence, or vacate the sentence and remand the case for a hearing de novo if the sentence is contrary to law." Mathis at ¶ 36.
 {¶ 8} During Jenkins's sentencing hearing, the trial court balanced the seriousness and recidivism factors under R.C. 2929.12. The court noted that the victim was elderly, that her economic injury was $800, and that Jenkins knew her from having done some work for her. The court reviewed Jenkins's criminal history, as well as letters from his wife, mother-in-law, and daughter. Because Jenkins's offense carried a presumption in favor of a prison sentence, the trial court also considered whether the presumption was overridden under R.C. 2929.13(D). The court found it was not, and it sentenced Jenkins to five years in prison and ordered him to pay restitution of $800 plus court costs. The court's judgment entry, dated September 28, 2005, likewise stated that the court considered factors under R.C. 2929.11, R.C. 2929.12, and R.C.2929.13. The court did not expressly consider any portions of the statute which were subsequently held unconstitutional inFoster. *Page 4 
 {¶ 9} Foster established a bright line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. non-minimum, maximum and consecutive sentences), pending on direct appeal at the time that Foster was decided, must be reversed and remanded for resentencing, because judicial fact-finding violates a defendant's Sixth Amendment right to a trial by jury. State v.Nunez, Montgomery App. No. 21495, 2007-Ohio-1054, ¶ 4. InMathis, the supreme court remanded for resentencing on the basis ofFoster where the defendants received maximum and consecutive prison terms, even though the trial court had failed to make the findings that were required prior to Foster.
 {¶ 10} Although the trial court here did not make express findings under the unconstitutional portions of the sentencing statute, the trial court imposed more than the minimum sentence for Jenkins's offense, a second degree felony. Accordingly, Jenkins was sentenced under a portion of the sentencing statute that was subsequently found to be unconstitutional and was severed from the sentencing statute. In accordance with Foster and Mathis, we must reverse Jenkins's sentence and remand this case for a new sentencing hearing. Foster at ¶ 104-105; see State v. Caver, Montgomery App. No. 21241, 2006-Ohio-4278.
 {¶ 11} The assignment of error is sustained.
 {¶ 12} The judgment of the trial court will be reversed and the cause remanded for resentencing.
 BROGAN, J. and DONOVAN, J., concur. *Page 1