[Cite as *State v. Myers*, 2011-Ohio-1615.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                           :
                                        :        Appellate Case No. 23913
        Plaintiff-Appellee              :
                                        :        Trial Court Case No. 09-CR-46
v.                                      :
                                        :        (Criminal Appeal from
CHARLIE W. MYERS                        :         Common Pleas Court)
                                        :
        Defendant-Appellant             :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of April, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GARY C. SCHAENGOLD, Atty. Reg. #0007144, 707 Shroyer Road, Suite B, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

CHARLIE W. MYERS, Atty. Reg. #A625-859, Lebanon Correctional Institution, Post Office Box 56, 3791 State Route 63, Lebanon, Ohio 45036-0056
        Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Charles Myers appeals from his conviction and sentence,

following his guilty plea, upon one count each of Receiving Stolen Property, Gross Sexual

Imposition, Theft of a Motor Vehicle, and Having Weapons Under Disability; two counts each of Aggravated Burglary and Aggravated Robbery; four counts of Kidnapping; and eight counts of Aggravated Murder. All twenty counts carried firearm specifications, to which he also pled guilty.

{¶ 2} Myers's assigned appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. By entry, we informed Myers that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief. Myers filed a pro se brief proposing three assignments of error. The State has responded.

{¶ 3} Pursuant to our duty under *Anders,* we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 4} In January, 2009, Myers was indicted on one count each of Receiving Stolen Property, Gross Sexual Imposition, Theft of a Motor Vehicle, and Having Weapons Under Disability; two counts each of Aggravated Burglary and Aggravated Robbery; four counts of Kidnapping; and eight counts of Aggravated Murder. All twenty counts carried firearm specifications. The eight counts of Aggravated Murder also carried death penalty specifications.

{¶ 5} Due to a hearing impairment, Myers was provided with interpreters and other accommodations in order to ensure that he could communicate fully with both the court and

with his trial counsel.

{¶ 6} The following month, Myers filed a motion to determine his competency to stand trial. Following two separate evaluations, the trial court found Myers competent to stand trial. In July, 2009, Myers filed four motions to suppress statements that he made to various individuals at different locations and times. Following a hearing on the motions, the trial court granted the motions as to statements Myers made while in the Montgomery County Jail, but overruled the motions as to other statements.

{¶ 7} In January, 2010, Myers filed a motion to suppress evidence seized during a search of his residence pursuant to a search warrant. Myers withdrew this motion at his plea hearing the following month. At that time, Myers pled guilty to all twenty counts of the indictment and the attendant firearm specifications. In return, the State dismissed the eight death penalty specifications. The two Aggravated Burglary convictions merged, as did three of the four Kidnapping charges. The other count of Kidnapping merged with the two Aggravated Robbery convictions, and the eight Aggravated Murder convictions merged into one. The 20 firearm specifications merged into two specifications. The parties agreed on the record as to how the various convictions and specifications would merge with one another. As part of the plea agreement, Myers was sentenced to life with no chance of parole, plus 49 years. Myers was designated as a Tier III sexual offender.

{¶ 8} From his conviction and sentence, Myers appeals.

II

{¶ 9} Although appellate counsel has not specifically identified any potential assignments of error, he indicates that he carefully considered several issues before concluding

that none have any arguable merit. Specifically, counsel reviewed the trial court's finding of competency; the court's compliance with Crim.R. 11 during the plea hearing; Myer's sentence; the merger of various convictions; the Tier III sexual offender classification; and the effectiveness of Myers's trial counsel's representation.

{¶ 10} In his pro se filing, Myers proposes three assignments of error. He claims that the Gross Sexual Imposition conviction should have merged with the Kidnapping conviction. He also argues that the State failed to present sufficient evidence to sustain his convictions, and that the convictions are against the manifest weight of the evidence. Finally, Myers maintains that he was denied the effective assistance of trial counsel. For the following reasons, the judgment of the trial court will be Affirmed.

{¶ 11} We agree with appellate counsel's finding of no potentially meritorious issues with regard to the competency proceedings. The plea colloquy was thorough, and nothing in the record indicates that Myers's plea was not made knowingly, intelligently, and voluntarily.

{¶ 12} We find no potentially meritorious issues with regard to Myers's sentence, which not only fell within the statutory guidelines, but which was agreed upon by the parties as part of the plea agreement and adopted by the court. R.C. 2953.08(D)(1) prohibits review of a sentence under these circumstances, stating: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 13} Because merger issues, involving the concept of allied offenses of similar import, affect not just the sentences, but the underlying convictions, as well, an agreement

concerning sentencing does not automatically incorporate merger issues. In this case, however, the parties expressly agreed, on the record, how the various convictions would merge. Ordinarily, where a guilty plea to multiple offenses is taken on a factually silent record, or at least a factually undeveloped record, the trial court should conduct inquiry on merger issues, if there is at least some possibility that some of the multiple convictions should merge. But where, as here, the parties have reached express agreement on how the multiple convictions should merge, the trial court may rely upon that agreement, without conducting any further inquiry.

{¶ 14} Myers's guilty plea left nothing for the State to prove because a guilty plea is a complete admission of guilt. Crim.R. 11(B)(1); *Huber Heights v. Duty* (1985), 27 Ohio App.3d 244. Thus, in entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415.

{¶ 15} Finally, we see no evidence in the record that would indicate that trial counsel was ineffective. To the contrary, counsel arranged a plea agreement whereby Myers was spared from the possibility of having the death penalty imposed.

III

{¶ 16} After performing our duty of independent review, we have found no potential assignments of error having arguable merit. We conclude, therefore, that this appeal is wholly frivolous. Consequently, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Gary C. Schaengold
Charlie W. Myers
Hon. Dennis J. Langer