[Cite as *State v. Cleveland*, 2011-Ohio-4868.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24379 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2009-CR-3564 |
| v. | : | |
| | : | |
| ANDRE R. CLEVELAND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2011.

. . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560,
Montgomery County Prosecutor's Office, Appellate Division, Montgomery County
Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. #0076791, 75 North Pioneer Boulevard,
Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Andre R. Cleveland appeals from his conviction
and sentence, following a no-contest plea, for Rape, Aggravated Burglary, and
Kidnapping.  Cleveland contends that the trial court erred when it failed to merge the

offenses as allied offenses of similar import. He also contends that the trial court erred when it disapproved him for the shock incarceration program and the intensive program prison without having made the requisite findings under the statute, and that the trial court erred by having prematurely disapproved him for transitional control.

{¶ 2} The record, including the pre-sentence investigation report, is inconclusive on the factual issue of whether the offenses to which Cleveland pled no contest are allied offenses of similar import. Consequently, the trial court committed plain error when it sentenced Cleveland without first conducting an inquiry on the allied-offenses issue. The trial court also erred when it disapproved Cleveland for transitional control. Any error in the trial court's having disapproved Cleveland for shock incarceration or for intensive program prison is harmless, since Cleveland was not eligible for either of those programs, having been convicted of first-degree felonies. The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

I

{¶ 3} According to the pre-sentence investigation report, Cleveland induced the victim to open her door at 2:00 in the morning to retrieve a card that he claimed he had from the police, pushed her out of the way, and entered her home. To her repeated demands that he leave, he responded by telling her to shut up or he would kill her. When his victim tried to call the police, Cleveland ripped the phone cord from the wall, and used the telephone cord to tie her hands together in front.

{¶ 4} Cleveland made his victim walk to her bathroom. Once in the

bathroom, Cleveland ordered his victim to bend over, pushed her underwear to the side, and attempted, unsuccessfully to have vaginal intercourse with her. He then had anal intercourse with her for about five minutes.

{¶ 5} Cleveland then had his victim remove her underwear and get into a bathtub that he had filled with water. He had put bleach in the water. He used a blue shirt to wash his victim in her vaginal and anal areas. He opened the drain, told his victim that if she got out of the tub before the water drained, he would kill her, and then left.

{¶ 6} Cleveland was arrested and charged with Rape, Aggravated Burglary, and Kidnapping. He eventually pled no contest to all three charges, after being informed, on the record, that the trial court was inclined to sentence him to no more than fifteen years in prison, "[a]nd it's likely that it would be between the twelve and fifteen range[.]" During the plea hearing, the State recited the three charges, but limited its recitation to a recitation of the statutory elements of the three charges. The victim's daughter made a statement at the sentencing hearing, but that statement concerned the impact of the defendant's criminal conduct on her mother and herself, and did not include any details of the offenses.

{¶ 7} Cleveland was sentenced to ten years for Rape, and ten years for Aggravated Burglary, to be served concurrently. He was sentenced to three years for Kidnapping, to be served consecutively to the other sentences, for an aggregate sentence of thirteen years. He was designated as a Tier III sexual offender.

{¶ 8} From his conviction and sentence, Cleveland appeals.

II

{¶ 9} Cleveland's First Assignment of Error is as follows:

{¶ 10} "THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE THE RAPE, AGGRAVATED BURGLARY AND KIDNAPPING CHARGES AS ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 11} R.C. 2941.25 provides as follows:

{¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 14} Under *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, the threshold test for allied offenses, before reaching the issue of whether they were committed with a separate animus as to each, involved a comparison of the elements of the offenses. The court cited *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, a case applying the Double Jeopardy clause of the Fifth Amendment to the United States Constitution: "Because the comparison of elements

of offenses outlined in *Blockburger* is reflected in R.C. 2941.25(A), courts engage in a similar analysis whether applying *Blockburger* or Ohio's multiple-count statute. Therefore, cases discussing and applying *Blockburger* are helpful, though not controlling, in our examination of Ohio law."   *Rance*, 85 Ohio St.3d at 636.

{¶ 15} But the Supreme Court of Ohio recently overruled *State v. Rance* in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.   Although there was no majority opinion in *State v. Johnson*, all the justices agreed with the overruling of *State v. Rance*, and it appears from their respective opinions that the correct allied-offenses analysis now involves consideration of the conduct of the defendant in the particular case, rather than an abstract comparison of the elements of the several offenses.   Thus, after *State v. Johnson*, it appears that R.C. 2941.25 now provides a criminal defendant with more protection against being separately punished for multiple offenses than is required by the Double Jeopardy clause, at least as construed by *Blockburger*, supra.

{¶ 16} Cleveland argues in his brief that: "Applying the recent standard established by [*State v.*] *Johnson*, under the circumstances it would have been impossible for the Defendant to commit any of the separate crimes without committing the underlying rape."   As stated, we find Cleveland's argument difficult to follow.   It would seem more pertinent to argue that the Kidnapping could not have been committed without having committed Aggravated Burglary, and that the Rape could not have been committed without having committed first the Aggravated Burglary, and then the Kidnapping.   It would have seemed possible for Cleveland to have committed both the Aggravated Burglary and the Kidnapping without having

committed the Rape if he had just forced his victim into her bathroom without thereafter having sexually assaulted her.

{¶ 17} In any event, the circumstances of these three offenses, having been committed in both temporal and spatial proximity to one another, raise obvious issues under R.C. 2941.25, and the circumstances are not well developed in the record, even if the record is deemed to include the pre-sentence investigation report.

{¶ 18} The State argues that Cleveland's failure to have made the pre-sentence investigation report a part of the record on appeal means that we must presume the regularity of the proceedings, and the validity of the trial court's judgment. We have made the pre-sentence investigation report a part of the record, sua sponte, as is our custom whenever we find that there is a pre-sentence investigation report, it is not part of our record, and it appears that the report may be material to an issue on appeal.

{¶ 19} Two of our sister courts of appeals have held that where the record suggests that multiple offenses to which a defendant has pled guilty or no contest may be allied offenses of similar import, but the record is inconclusive in that regard, the trial court has a duty to conduct inquiry concerning the circumstances of the offenses, and the trial court's failure to do so is plain error. *State v. Corrao*, Cuyahoga App. No. 95167, 2011-Ohio-2517, at ¶ 10; *State v. Miller*, Portage App. No. 2009-P-0090, 2011-Ohio-1161, at ¶ 56, 58. We have said the same in dictum. *State v. Myers*, Montgomery App. No. 23913, 2011-Ohio-1615, ¶ 13.

{¶ 20} We hold, in this case, that where the record suggests that multiple offenses of which a defendant has been found guilty may be allied offenses of similar

import under R.C. 2941.25, but is inconclusive in that regard, it is plain error for the trial court not to conduct the necessary inquiry to determine whether the offenses are, in fact, allied offenses of similar import. Cleveland's First Assignment of Error is sustained, to that limited extent.

III

{¶ 21} Cleveland's Second Assignment of Error, set forth in his supplemental brief, is as follows:

{¶ 22} "THE TRIAL COURT ERRED BY DISAPPROVING SHOCK INCARCERATION, INTENSIVE PROGRAM PRISON AND TRANSITIONAL CONTROL AT SENTENCING."

{¶ 23} The State notes that because Cleveland's offenses are felonies of the first degree, he is not eligible for shock incarceration or for the intensive prison program, citing R.C. 5120.031(A)(4) and R.C. 5120.032(B)(2)(a). Therefore, the State argues, any error in the trial court's having disapproved shock incarceration and the intensive prison program without having first made the necessary findings is necessarily harmless, since Cleveland was not eligible for either of those programs in any event.

{¶ 24} R.C. 5120.031(A)(4) provides as follows:

{¶ 25} " 'Eligible offender' means a person, other than one who is ineligible to participate in an intensive program prison under the criteria specified in section 5120.032 of the Revised Code, who has been convicted of or pleaded guilty to, and has been sentenced for, a felony."

{¶ 26} R.C. 5120.032(B)(2) provides as follows:

{¶ 27} "A prisoner who is in any of the following categories is not eligible to participate in an intensive program prison established pursuant to division (A) of this section:

{¶ 28} "(a) The prisoner is serving a prison term for aggravated murder, murder, or a felony of the first or second degree or a comparable offense under the law in effect prior to July 1, 1996, or the prisoner previously has been imprisoned for aggravated murder, murder, or a felony of the first or second degree or a comparable offense under the law in effect prior to July 1, 1996."

{¶ 29} Because Cleveland is serving a prison term for a felony of the first degree, under R.C. 5120.032(B)(2)(a) he is not eligible to participate in the intensive program prison. Because he is not eligible to participate in the intensive program prison, under R.C. 5120.031(A)(4) and R.C. 5120.031(B)(1), he is not eligible for the shock incarceration program. Because he is not eligible for either of these programs, we agree with the State that any error in the trial court's having disapproved him for these programs is necessarily harmless.

{¶ 30} The State concedes that under *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, the trial court erred by having disapproved Cleveland for transitional control at this time. Upon remand, the trial court should not include disapproval of transitional control in its sentencing entry. To that limited extent, Cleveland's Second Assignment of Error is sustained.

IV

{¶ 31} Both of Cleveland's assignments of error having been partially sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Marshall G. Lachman
Hon. Gregory F. Singer