The STATE of Ohio, Appellee,

v.

HAYNES, Appellant.

[Cite as *State v. Haynes* (1996), 111 Ohio App.3d 244.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APA01–139.

Decided May 23, 1996.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Shan Haynes, pro se.*

PETREE, Presiding Judge.

Defendant, Shan Haynes, has moved this court, pursuant to App.R. 5(B), for delayed appeal from his conviction. The docketing statement of this court indicates that defendant had previously perfected an appeal as of right by filing a notice of appeal with this court on March 22, 1994, and that defendant voluntary dismissed his appeal on August 5, 1994.

App.R. 5(A) states, in part:

"After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * * "

App.R. 5(A) provides a mechanism by which a criminal defendant who has failed to file a notice of appeal as of right within the prescribed time may, nonetheless, obtain an appeal by leave of court. Logically, an appeal pursuant to App.R. 5(A) is available only where the appellant has failed to timely file a notice of appeal as of right. See *Upper Arlington v. Kefalos* (May 2, 1995), Franklin App. No. 94APC12–1812, unreported.

In this case, defendant previously perfected an appeal as of right. Consequently, the procedure provided for in App.R. 5(A) is not available to defendant. Although defendant claims that he was coerced into voluntarily dismissing his appeal by the public defender, he may not now seek relief under App.R. 5(A).

For the foregoing reasons, defendant's motions for delayed appeal and for an order requiring the court reporter to provide a transcript are overruled.

*Motions overruled.*

DESHLER and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.