THE STATE OF OHIO, APPELLEE, v. SILSBY, APPELLANT.

[Cite as *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834.]

(No. 2007–1254—Submitted April 8, 2008—Decided August 6, 2008.)

O'DONNELL, J.

{¶ 1} Two questions are presented for consideration on this appeal. The first is whether a delayed appeal authorized pursuant to App.R. 5(A) is the same as a timely filed direct appeal. The second is whether our decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, applies to a delayed appeal filed subsequent to that case. We hold that *Foster* applies only to delayed appeals that were pending at the time that we released it.

{¶ 2} William Silsby appeals from a decision of the Eleventh District Court of Appeals affirming his sentence that followed a plea of guilty to obstructing official business.

{¶ 3} A Geauga County grand jury indicted Silsby on counts of domestic violence and obstructing official business. In exchange for his plea of guilty to obstruction of official business, entered on October 6, 2005, the state dismissed the domestic-violence charge. At his sentencing hearing, conducted on October 19, 2005, the trial court acknowledged Silsby's prior criminal record and imposed a 12–month prison sentence consecutive to the sentence imposed by the Lake County Court of Common Pleas for Silsby's conviction of attempted murder, having a weapon under a disability, and grand theft of a motor vehicle, each with

a firearm specification. Pursuant to App.R. 4(A), Silsby had until November 18, 2005, to file a timely appeal.

{¶ 4} On February 27, 2006, we held unconstitutional Ohio statutes requiring judicial fact-finding before imposing maximum and consecutive prison terms. *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus. Our holding followed the holdings in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. In *Foster*, we held that "cases * * * pending on direct review must be remanded to the trial courts for new sentencing hearings * * *." 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 104.

{¶ 5} On August 2, 2006, Silsby filed a pro se motion seeking a delayed appeal pursuant to App.R. 5(A). The Eleventh District Court of Appeals granted Silsby's motion. His merit brief, which contained three assignments of error, included a claim that the trial court had made impermissible findings of fact during sentencing, in violation of *Foster*.

{¶ 6} The Eleventh District Court of Appeals affirmed Silsby's sentence. *State v. Silsby*, Geauga App. No. 2006–G–2725, 2007-Ohio-2308, 2007 WL 1395516. It implicitly acknowledged a Sixth Amendment violation, but reasoned that the "case was not pending on direct review at the time of the *Foster* decision" and that Silsby's conviction and sentence, despite the granting of his motion for delayed appeal, "had become final long before *Foster* was announced." Id. at ¶ 14. According to the appellate court, " '[d]elayed appeal is not the same as direct appeal.' " Id., quoting *State v. Lewis*, Franklin App. No. 05AP–327, 2006-Ohio-2752, 2006 WL 1495105, ¶ 10, citing *State v. Bird* (2000), 138 Ohio App.3d 400, 741 N.E.2d 560.

{¶ 7} The appellate court certified that its decision conflicted with a decision of the Second District Court of Appeals in *State v. Jenkins*, Clark App. No. 2006 CA 37, 2007-Ohio-1742, 2007 WL 1098665, and the decision of the Third District Court of Appeals in *State v. Corbin*, Allen App. No. 1–06–23, 2006-Ohio-6092, 2006 WL 3350642. In those cases, the defendants' delayed appeals, though accepted after the decision in *Foster*, resulted in remands to the trial courts for resentencing. The courts of appeals considered those cases "to be pending on direct appeal within the meaning of *Foster*." *Jenkins*, 2007-Ohio-1742, 2007 WL 1098665, ¶ 4.

{¶ 8} We are asked to consider two issues: "Whether a delayed appeal under Ohio Rule of Appellate Procedure 5(A) is identical to a direct appeal under Ohio Rule of Appellate Procedure 4(A) for purposes of appellate review as to whether a defendant was sentenced upon the basis of an unconstitutional statute under the guidelines of *State v. Foster*"; and "Whether a defendant's sentence must be

reversed on the basis of *State v. Foster* when: a) the defendant was sentenced prior to the announcement of *State v. Foster*; b) the defendant was sentenced under the statutes found to be unconstitutional in *State v. Foster*; c) the defendant does not pursue a direct appeal but rather files a delayed appeal; d) and raises the issues of unconstitutional sentencing on the basis of *Foster* for the first time on delayed appeal." *State v. Silsby,* 115 Ohio St.3d 1406, 2007-Ohio-4884, 873 N.E.2d 1312.

{¶ 9} We recognized the conflict between appellate jurisdictions and accepted the conflict questions for review. Id.

{¶ 10} The Ohio Rules of Appellate Procedure provide two distinct means by which a criminal defendant may appeal from a final order of a trial court.

{¶ 11} App.R. 3(A), which grants an appeal as of right, provides that such an appeal "shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 4(A), in turn, requires an appealing party to file within 30 days of the judgment or order appealed.

{¶ 12} But if an appealing party does not comply with App.R. 4(A), App.R. 5(A) provides for an appeal by leave of the court. These appeals, which apply in only three classes of cases, according to App.R. 5(A)(1), require the movant to "set forth the reasons for the failure of the appellant to perfect an appeal as of right." App.R. 5(A)(2). If a movant establishes sufficient reasons justifying the delay, the appellate court may, in its discretion, grant the motion, and the case proceeds as it would have if timely filed.

{¶ 13} The issue in this case, then, is whether an appeal by leave of court allowed subsequent to our decision in *Foster* is an appeal "pending on direct review" for purposes of applying the remedy we prescribed in *Foster.* Id., 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 104.

{¶ 14} App.R. 5(F) provides that if a motion for delayed appeal is sustained, "the further procedure shall be the same as for appeals as of right in criminal cases * * *." Once granted, a delayed appeal proceeds as any timely appeal would proceed, and the assertion of error is virtually the same as it would have been but for the delayed filing. See, e.g., *State v. Haynes* (1996), 111 Ohio App.3d 244, 245, 675 N.E.2d 1332. Substantively and procedurally, there is no discernable difference between a direct appeal and a delayed appeal. They differ only in the timeliness of the filing.

{¶ 15} Delayed appeals differ from other forms of postconviction relief. App.R. 26 applications for reconsideration and reopening, petitions for postconviction relief, and petitions for writs of habeas corpus all challenge various aspects of the proceedings or confinement, but do not necessarily implicate the trial court.

App.R. 26(B) applications, for example, do not assert trial errors, but instead assert claims of ineffective assistance of appellate counsel.

{¶ 16} Also, a petition for postconviction relief "is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment," *State v. Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, in which a claimant asserts that either actual innocence or deprivation of constitutional rights renders the judgment void. See R.C. 2953.21(A)(1)(a). These actions require the filing of a civil complaint, which again differs from a delayed appeal. Finally, actions in habeas corpus deal with individuals "unlawfully restrained of * * * liberty." R.C. 2725.01. Generally, nonjurisdictional errors that could have been brought via a direct appeal are not cognizable in habeas actions. See, e.g., *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464. In each of these postconviction actions, a criminal defendant is seeking something other than a standard review of alleged trial court errors.

{¶ 17} We therefore answer the first certified question in the affirmative. A delayed appeal granted pursuant to App.R. 5 is treated the same as a direct appeal under App.R. 4(A), and the case proceeds as if it had been timely filed.

{¶ 18} This answer does not end our inquiry, however, because we limited application of *Foster* to those cases "*pending* on direct review." (Emphasis added.) *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 104. Black's Law Dictionary defines "pending" as "[r]emaining undecided" or "awaiting decision." Black's Law Dictionary (8th Ed.2004) 1169. Accordingly, for a criminal action to be "pending on direct review" for *Foster* purposes, it must have been filed in the court at the time we announced *Foster* and must have been awaiting an action or a decision at the time of our decision in that case. *Foster*, ¶ 104.

{¶ 19} The record in this case reveals that the trial court convicted and sentenced Silsby on October 19, 2005. Silsby did not file a direct appeal from that judgment, and the time to do so expired on November 18, 2005. We issued our decision in *Foster* on February 27, 2006, and prior to that date, Silsby had not filed a request seeking a delayed appeal. Thus, Silsby had nothing "pending" as of the date we released our *Foster* decision. *Foster* therefore does not apply to Silsby's delayed appeal, as it was not pending on the date we released *Foster*.

{¶ 20} Regarding the second certified question, we recently decided *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 1, holding that the failure to raise *Foster* errors at sentencing constitutes a forfeiture of the issue necessitating application of the plain-error doctrine by reviewing courts. An appellate court, therefore, is not *required* to reverse a sentence that violates our holding in *Foster* if no objection was made in the trial court; it may instead review the sentence for plain error. Accordingly, we answer the second certified

question in the negative on the authority of *Payne* and affirm the judgment of the Eleventh District Court of Appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 21} Today this court affirms the judgment of the trial court, holding that a delayed appeal authorized pursuant to App.R. 5(A) is the same as a direct appeal and that *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, applies only to delayed appeals that were pending at the time of the release of our decision in that case. I agree that a delayed appeal according to App.R. 5(A), once granted, should be treated the same as a direct appeal under App.R. 4(A) and that the case proceeds as if it had been timely filed.

{¶ 22} However, the majority holds that because Silsby had not filed for leave to file a delayed appeal before our decision in *Foster* was issued, his appeal was not "pending on direct review" when *Foster* was released. *Foster* at ¶ 104. Thus, the majority concludes that *Foster* does not apply to Silsby's delayed appeal. I respectfully disagree and would hold that Silsby's appeal is considered to be pending at the time that a direct appeal would have/should have been filed—i.e., it relates back to November 2005, before we issued *Foster*. Therefore, I would hold that Silsby's appeal was "pending" when *Foster* was released. Accordingly, I respectfully dissent from the second portion of the majority's analysis.

---

David Joyce, Geauga County Prosecuting Attorney, and Craig A. Swenson, Assistant Prosecuting Attorney, for appellee.

Derek Cek, for appellant.