THE STATE EX REL. BATES, PROS. ATTY., *v.* COURT OF APPEALS

FOR THE SIXTH APPELLATE DISTRICT.

[Cite as *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.,*

130 Ohio St.3d 326, 2011-Ohio-5456.]

*Prohibition—Writ sought to prevent a court of appeals from proceeding with a*
*delayed appeal from an order denying a pretrial constitutional*
*challenge—Court of appeals patently and unambiguously lacked*
*jurisdiction to act—Order was not final and appealable—Writ granted.*

(No. 2011-1075—Submitted September 6, 2011—Decided October 27, 2011.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent a court of
appeals from proceeding with a delayed appeal from an order denying a pretrial
constitutional challenge in a death-penalty case. Because the court of appeals
patently and unambiguously lacks jurisdiction to proceed in the appeal when the
order does not constitute a final, appealable order, we grant the writ.

**Facts**

{¶ 2} Relator, Anthony Belton, is charged with one count of aggravated
murder with death-penalty specifications and two counts of aggravated robbery
with firearm specifications in *State v. Belton*, Lucas Cty. C.P. No. CR 200802934.
In February 2009, Belton filed a motion challenging the constitutionality of R.C.
2929.03 and Crim.R. 11(C)(3). Belton claimed that these provisions are
unconstitutional because they preclude him from entering a plea of guilty without
waiving his right to a jury trial during the sentencing phase of his capital case. On

November 30, 2009, the common pleas court denied Belton's motion and upheld the constitutionality of R.C. 2929.03 and Crim.R. 11(C)(3).

{¶ 3} Nearly a year later, on October 25, 2010, Belton filed a "notice of intent to admit in accordance with Crim.R. 11(C)(3) and impanel a jury for determination of appropriate sentence." Belton later moved for reconsideration of the court's denial of his motion challenging the constitutionality of R.C. 2929.03 and Crim.R. 11(C)(3), and the court denied the motion.

{¶ 4} On March 8, 2011, respondent, the Sixth District Court of Appeals, dismissed Belton's appeal from the common pleas court's denial of his motion for reconsideration because "[t]here is no such thing as a motion for reconsideration of a final judgment in a criminal case" and "appellant appealed a void judgment entry denying his motion for reconsideration." *State v. Belton*, Lucas App. No. L-10-1347, 2011-Ohio-1141, ¶ 23, 25. In the context of that opinion, however, the court of appeals concluded that our decision in *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, "clearly contemplates that a constitutional challenge to Crim.R. 11(C)(3) and the corresponding statute must proceed via interlocutory appeal of a final order" and that Belton's October 25, 2010 "notice of intent to plea[d] transformed the November 30, 2009 judgment [upholding the constitutionality of Crim.R. 11(C)(3)] into a final order." *Belton* at ¶ 18, 25.

{¶ 5} On April 20, 2011, Belton filed a motion in the court of appeals for leave to file a delayed appeal from the common pleas court's November 30, 2009 order upholding the constitutionality of Crim.R. 11(C)(3) and R.C. 2929.03. To support his motion, Belton relied on the language from the court of appeals' opinion dismissing his appeal from the denial of his motion for reconsideration. The state opposed Belton's motion, but on June 8, 2011, the court of appeals granted the motion.

{¶ 6} On June 24, 2011, relator, Lucas County Prosecuting Attorney Julia R. Bates, instituted this action for a writ of prohibition to prevent the court

2

of appeals from proceeding in Belton's delayed appeal and to compel the dismissal of the appeal. On July 19, the court of appeals filed an answer in which it admitted all the pertinent factual allegations of the prosecutor's complaint.

{¶ 7} This cause is now before the court for our S.Ct.Prac.R. 10.5 determination.

**Legal Analysis**

*S.Ct.Prac.R. 10.5 Standard*

{¶ 8} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. Dismissal, which the court of appeals requests in its answer, is required if it appears beyond doubt, after presuming the truth of all material factual allegations of the prosecutor's complaint and making all reasonable inferences in her favor, that she is not entitled to the requested extraordinary relief in prohibition. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 13.

{¶ 9} If, however, after so construing the complaint, it appears that the prosecutor's prohibition claim may have merit, we will grant an alternative writ and issue a schedule for the presentation of evidence and briefs. *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8.

{¶ 10} Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that the prosecutor is entitled to the requested extraordinary relief in prohibition, we will grant a peremptory writ. *Duke Energy* at ¶ 15.

*Prohibition Claim*

{¶ 11} To be entitled to the requested writ of prohibition, the prosecutor must establish that (1) the court of appeals is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986,

915 N.E.2d 633, ¶ 25.  It is uncontroverted that the court of appeals is exercising judicial power by accepting jurisdiction over Belton's delayed appeal from the common pleas court's order upholding the constitutionality of Crim.R. 11(C)(3) and R.C. 2929.03.

{¶ 12} For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions."  *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.  "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial."  *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 13} The dispositive issue is thus whether the court of appeals patently and unambiguously lacks jurisdiction over Belton's delayed appeal.

*Patent and Unambiguous Lack of Jurisdiction*

{¶ 14} Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals "shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."  "The Ohio Rules of Appellate Procedure provide two distinct means by which a criminal defendant may appeal from a *final order* of a trial court."  (Emphasis added.)  *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 10.

{¶ 15} Under the first method, "App.R. 3(A), which grants an appeal as of right, provides that such an appeal 'shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4.'  App.R. 4(A), in turn, requires an appealing party to file within 30 days of the judgment or order appealed."  Id. at ¶ 11.  Belton did not fit under this category of appeal because,

assuming that the November 30, 2009 order he is appealing constitutes a final, appealable order, he did not file a notice of appeal within 30 days of its entry.

{¶ 16} Pursuant to the second method, however, "if an appealing party does not comply with App.R. 4(A), App.R. 5(A) provides for an appeal by leave of the court." Id. at ¶ 12. "These appeals, which apply in only three classes of cases [including criminal proceedings], according to App.R. 5(A)(1), require the movant to 'set forth the reasons for the failure of the appellant to perfect an appeal as of right.' App.R. 5(A)(2). If a movant establishes sufficient reasons justifying the delay, the appellate court may, in its discretion, grant the motion, and the case proceeds as it would have if timely filed." Id.

{¶ 17} The court of appeals granted Belton's motion for delayed appeal pursuant to App.R. 5(A). But App.R. 5(A) presupposes the entry of a final, appealable order by the trial court. *Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, at ¶ 10; see also *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266 ("It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction"); *State v. Boyd* (July 28, 1994), Cuyahoga App. No. 65883, 1994 WL 393717 (court of appeals dismissed a criminal defendant's delayed appeal for lack of a final, appealable order).

{¶ 18} R.C. 2505.02 sets forth several types of final orders that may be appealed. The potentially pertinent categories here are those specified in R.C. 2505.02(B)(1), (2), and (4). These provisions provide:

{¶ 19} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 20} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 21} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 22} "* * *

{¶ 23} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 24} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 25} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 26} The order denying Belton's constitutional challenge to provisions preventing him from pleading guilty without waiving his right to a jury trial during sentencing in his capital case is not a final, appealable order under R.C. 2505.02(B)(1) or (2) because the order did not affect a substantial right.

{¶ 27} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A criminal defendant does not have a  constitutional right to enter a guilty plea or to have it accepted by the court. See *Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427; *North Carolina v. Alford* (1970), 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162, fn. 11; *Sanders v. State* (2006), 280 Ga. 780, 782, 631 S.E.2d 344; *State v. Tate*, Summit App. No. 21943, 2005-Ohio-2156, ¶ 13; *State v. Carty*, Cuyahoga App. No. 63534, 1993 WL 328743, *3.

{¶ 28} Instead, state law governs the exercise of the ability to plead guilty. *Alford* at 38, fn. 11; *Sanders* at 782.

{¶ 29} State law includes our holding in *Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 122-125, in which we rejected a claim that a capital defendant was denied his constitutional right to have a jury determine the penalty to be imposed because (1) the defendant waived his right to a jury trial

and later pleaded guilty as charged, (2) R.C. 2945.06 and Crim.R. 11(C)(3) contain no provisions permitting an accused charged with a capital offense to waive a jury, request that a three-judge panel determine guilt upon a plea of guilty, and then have a jury decide the penalty, and (3) in *State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, a drug-trafficking case, we granted a writ prohibiting a trial judge from creating a hybrid, nonstatutory procedure comparable to the one requested by Belton.

{¶ 30} Therefore, Belton did not have a constitutional, statutory, common-law, or regulatory right that he was entitled to enforce, and thus there was no substantial right implicated by the common pleas court's rejection of his constitutional challenge to Crim.R. 11(C)(3) and R.C. 2929.03. See R.C. 2505.02(A)(1) and (B)(1). Moreover, the trial court's ruling that R.C. 2929.03 and Crim.R. 11(C)(3) are constitutional did not determine the action, i.e., the criminal case. R.C. 2505.02(B)(1). Consequently, neither R.C. 2505.02(B)(1) nor (2) authorizes the court of appeals' exercise of jurisdiction over Belton's delayed appeal.

{¶ 31} Nor does the order denying Belton's motion satisfy the requirement of R.C. 2505.02(B)(4) that the order grant or deny a provisional remedy. Under this provision, "for an order to qualify as a final appealable order, the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3), (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal, and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief." *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 15.

{¶ 32} R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary

injunction, attachment, discovery of privileged matter, [or] suppression of evidence." A "proceeding ancillary to an action" is " 'one that is attendant upon or aids another proceeding.' " *State v. Muncie* (2001), 91 Ohio St.3d 440, 449, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries, Inc.* (1999), 134 Ohio App.3d 321, 324, 730 N.E.2d 1079. An order rejecting a constitutional challenge in a capital or criminal proceeding is not a proceeding that is attendant upon or aids the criminal case. It is not a suppression hearing, R.C. 2505.02(A)(3), a petition for forced medication in a criminal case under R.C. 2945.38, *State v. Muncie* (2001), 91 Ohio St.3d 440, 746 N.E.2d 1092, or an order finding a criminal defendant incompetent to stand trial and committing the defendant to a mental institution for the restoration of mental competency, *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711. All of these proceedings were held to be ancillary to an underlying action and thus constituted a provisional remedy. By contrast, there is no legally recognized proceeding separate from the criminal proceeding itself for a court to determine the constitutional challenges to the rule and statute raised by Belton.

{¶ 33} Nor is Belton necessarily precluded from raising his claim on appeal should he attempt to enter a plea under the conditions he desires—a plea of guilty only insofar as he does not waive his right to a jury trial for the sentencing phase of the criminal case. Under current law, the trial court would have to reject such a hybrid plea as not legally authorized. And upon a plea of not guilty, Belton could raise his claim on appeal should he be convicted and sentenced. There would be no claim of structural error, as was the case with the pretrial order disqualifying a criminal defendant's retained counsel of choice in *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, to justify a finding that postjudgment appeal would not provide a meaningful or effective remedy. Indeed, pursuant to our holding in *Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶ 122-125, there would be no error at all.

{¶ 34} Significantly, the court of appeals did not specify any provision in R.C. 2505.02 that justified its acceptance of Belton's delayed appeal. Instead, the court of appeals merely stated that the trial court's order upholding the constitutionality of the challenged provisions had been transformed into a final, appealable order by Belton's October 25, 2010 notice of intent to admit guilt in accordance with Crim.R. 11(C)(3) and to impanel a jury for the sentencing phase of the case. But our criminal rules and statutes do not authorize any such notice or plea. And even if they did, there is no provision that such a notice would automatically transform a nonfinal order into a final and appealable one without satisfaction of the criteria of R.C. 2505.02. Furthermore, any suggestion by the court of appeals that our decision in *Ketterer* recognizes the availability of an interlocutory appeal from a decision challenging the constitutionality of Crim.R. 11(C)(3) and other provisions that do not permit a capital defendant to plead guilty while retaining the right to a jury trial at sentencing is wholly without merit. We never addressed the availability of an interlocutory appeal in *Ketterer*, nor did we need to.

{¶ 35} Therefore, because the trial court's order denying Belton's constitutional challenge did not constitute a final, appealable order, the court of appeals lacked jurisdiction to grant Belton's motion for a delayed appeal from the interlocutory order.

## Conclusion

{¶ 36} Based on the foregoing, the court of appeals patently and unambiguously lacks jurisdiction over the criminal defendant's delayed appeal from the interlocutory order in the capital case. Because the facts pertinent to the complaint are uncontroverted and the prosecutor's entitlement to the requested extraordinary relief is clear, we grant a writ of prohibition to prevent the court of appeals from further proceeding in Belton's delayed appeal and to compel the court of appeals to dismiss the appeal. No further submission of evidence and

briefing is required.  See *Sapp*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 14, 32.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett, Assistant Prosecuting Attorney, for relator.

Michael DeWine, Attorney General, and Erin Butcher-Lyden and Damian W. Sikora, Assistant Attorneys General, for respondent.

_____