[Cite as *Rocky River v. Garneck*, 2013-Ohio-1565.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99072**

## CITY OF ROCKY RIVER

PLAINTIFF-APPELLEE

vs.

## DAVID GARNEK, D.B.A. DSD ENTERPRISES

DEFENDANT-APPELLANT

### JUDGMENT:
DISMISSED

Criminal Appeal from the
Rocky River Municipal Court
Case No. 10 CRB 1016

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEYS FOR APPELLANT**

Jaye M. Schlachet
Ralph T. DeFranco
Eric M. Levy
55 Public Square
Suite 1600
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Bryan P. O'Malley
Valore & Gordillo, L.L.P.
21055 Lorain Road
Fairview Park, Ohio 44126

KATHLEEN ANN KEOUGH, J.:

{¶1} In this delayed appeal, defendant-appellant, David Garnek, d.b.a DSD Enterprises ("Garnek"), appeals his misdemeanor conviction and sentence for his failure to obtain a building permit. For the reasons set forth below, we dismiss this delayed appeal as improvidently allowed.

## I. Background

{¶2} In September 2009, Patricia Weeton hired Garnek to renovate her Rocky River condominium to make it handicap accessible for her and her daughter, Kathy Kuehn, who lived with her. Garnek did not obtain a city building permit for the project. In March 2010, Weeton and Garnek disagreed about the scope of additions and changes to the project and Garnek walked off the job, leaving the project undone. In June 2010, the city charged Garnek with two counts of failure to obtain a building permit for the Weeton repairs, in violation of Rocky River Codified Ordinances 1181.04 (b).

{¶3} In February 2011, Garnek plead no contest to one count of failure to obtain a permit, and the second count was dismissed. The Rocky River building inspector testified at the plea hearing that Garnek had not obtained a permit until 95 days after he was cited. The inspector testified further that he had inspected the Weeton property and found significant electrical, plumbing, and structural code violations with Garnek's work; he also reported that Garnek had not done any further work on the project since his dispute with Weeton.

{¶4} Prior to accepting Garnek's plea, the trial court questioned him regarding whether he understood that a plea and finding of guilt would subject him to possible

penalties of $25 to $500 per day for each day of violation, up to 95 days, for a maximum fine of $47,500; Garnek told the judge he so understood. Garnek pleaded no contest and stipulated to a finding of guilt.

{¶5} Prior to sentencing, the court heard from Ms. Kuehn regarding the extensive problems that Garnek's inadequate and uncompleted work had caused. She told the court that even though she and her mother had paid Garnek $11,000 up front, "[t]here is absolutely nothing finished in that apartment, nothing. Every job that he started, that their company started, they didn't finish." The trial court then continued sentencing for 90 days to allow Garnek to remediate the code violations and complete the construction work to mitigate his sentence.

{¶6} On June 27, 2011, prior to sentencing, Ms. Kuehn stated that Garnek had done no further work in the condominium since the hearing in February. Likewise, the prosecutor stated that the condominium continued to be "in shambles" and that "not one thing has been done to correct the problems in the unit." Upon questioning by the judge, defense counsel informed the court of a contractor bid of $9,000 to complete the renovations to the condominium. The trial court then sentenced Garnek to a $4,750 fine and ordered that he pay restitution of $9,000 to Ms. Kuehn.

{¶7} Instead of appealing the trial court's final judgment, in July 2011 Garnek filed in the trial court a motion to vacate his conviction and a separate motion to stay, reconsider, and modify his sentence. On October 19, 2011, the trial court issued a judgment denying the motions; Garnek timely appealed from this judgment.

{¶8} Garnek's assignments of error, however, all related to the trial court's June

27, 2011 final judgment, which Garnek had not appealed. In his first assignment of error, Garnek argued that the trial court erred by failing to properly advise him of the consequences of his plea pursuant to Crim.R. 11 and sentencing him to pay a fine in excess of the statutory maximum for a minor misdemeanor. In his second assignment of error, Garnek argued that the trial court erred by improperly ordering him to pay restitution. In his third assignment of error, Garnek argued that his conviction should be reversed because his trial counsel was ineffective. *Rocky River v. Garnek*, 8th Dist. No. 97540, 2012-Ohio-3079, ¶ 4 ("*Garnek I*").

{¶9} This court found that Garnek was attempting to use his appeal of the trial court's judgment denying his motions to vacate and to stay, reconsider, and modify his sentence to improperly seek review of alleged errors that he had failed to timely appeal. *Id.* at ¶ 5. This court held that such "bootstrapping," that is, using a subsequent order to indirectly and untimely appeal a prior judgment that was never appealed, is not consistent with the appellate rules, which require a direct relationship between the judgment appealed from and the errors presented. *Id.* Accordingly, this court held that any arguments regarding Garnek's plea, the court's final judgment, his sentence, or the effectiveness of his trial counsel were untimely. *Id.*

{¶10} This court further held that the trial court was without authority to rule on the motion to stay, reconsider, and modify Garnek's sentence because a criminal sentence is final upon issuance of a final order, and a trial court has no authority to reconsider its own final judgment in a criminal case. *Id.* at ¶ 6. This court also held that Garnek's motion to vacate, which was the functional equivalent of a motion to reconsider, was a

nullity because, just as trial courts have no authority to reconsider their own final judgment in criminal cases, they are also precluded from reentering judgment in order to circumvent the App.R. 4(A) limitation period. *Id.* at ¶ 6-8. Accordingly, this court affirmed the trial court's judgment denying Garnek's motions, thereby affirming Garnek's conviction and sentence.

{¶11} Garnek then filed a motion for leave to file a delayed appeal from the trial court's final judgment, which this court granted.

## II. Analysis

{¶12} In this delayed appeal, Garnek raises the same assignments of error that he raised in his first appeal. We hold that his motion for leave to file a delayed appeal was improvidently granted and, accordingly, dismiss the appeal.

{¶13} App.R. 5(A), which governs appeals by leave of court in criminal cases, states in relevant part:

> After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken * * *. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *.

{¶14} In this case, Garnek pursued his right of direct appeal in *Garnek I*, which resulted in an affirmance of his conviction and sentence by this court. Therefore, he is precluded from prosecuting another appeal of his conviction and sentence by way of a delayed appeal. A defendant in a criminal case who has perfected and prosecuted a direct appeal is not entitled to a second appeal by way of a delayed appeal. *State v. Malinchak*, 10th Dist. No. 79AP-30, 1979 Ohio App. LEXIS 12384 (Mar. 27, 1979)

("[T]he defendant is entitled to only one appeal, not successive appeals, and there can be no delayed appeal where the defendant has unsuccessfully prosecuted a direct appeal."); *State v. Weiderman*, 10th Dist. No. 78AP-523, 1978 Ohio App. LEXIS 8564 (Sept. 28, 1978) ("[A] defendant is entitled to only one appeal, and there can be no delayed appeal where the defendant has perfected and prosecuted an appeal as a matter of right."); *State v. Slone*, 10th Dist. No. 75AP-167, 1975 Ohio App. LEXIS 8429 (July 29, 1975) ("[A] defendant is entitled to only one appeal, not successive appeals.  There can ordinarily be no delayed appeal where the defendant has unsuccessfully prosecuted a direct appeal.")

{¶15}  Furthermore, App.R. 5(A) requires that a motion for leave to appeal must "set forth the reasons for the failure of the appellant to perfect an appeal as of right." Because Garnek perfected and prosecuted an appeal as of right in *Garnek I*, he cannot comply with this requirement. *Malinchak, supra.   See also State v. Haynes*, 111 Ohio App.3d 244, 675 N.E.2d 1332 (10th Dist.1996) ("In this case, defendant previously perfected an appeal as of right.  Consequently, the procedure provided for in App.R. 5(A) is not available to defendant.").

{¶16} Garnek's first appeal resulted in an opinion and judgment that implicitly affirmed his conviction and sentence.  Accordingly, he is not entitled to bring a delayed appeal again contesting his conviction and sentence.  Therefore, we dismiss this delayed appeal as improvidently allowed.

{¶17}  Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE


SEAN C. GALLAGHER, J., CONCURS (SEE SEPARATE CONCURRING OPINION); MARY J. BOYLE, P.J., CONCURS WITH MAJORITY OPINION AND CONCURS WITH SEPARATE CONCURRING OPINION


SEAN C. GALLAGHER, J., CONCURRING:

**{¶18}** While I have concerns about the sanctions imposed on Garnek by the trial court for a minor misdemeanor conviction, I nevertheless concur with the majority judgment and analysis that the delayed appeal was improvidently allowed and the matter should be dismissed.