[Cite as *State v. Simmons*, 2014-Ohio-582.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 138 |
| V. | ) | |
| | ) | OPINION |
| WILLIE OSCAR SIMMONS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No.05CR165

JUDGMENT:                     Affirmed in part
                              Reversed in part

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                              Prosecutor
                              Ralph M. Rivera
                              Assistant Prosecutor
                              21 W. Boardman St., 6th Floor
                              Youngstown, Ohio 44503

For Defendant-Appellant       Attorney Edward A. Czopur
                              DeGenova & Yarwood, Ltd.
                              42 North Phelps St.
                              Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: February 13, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Willie Oscar Simmons appeals his sentence in the Mahoning County Common Pleas Court for sexual battery and gross sexual imposition. He argues that sexual battery and gross sexual imposition are allied offenses of similar import requiring merger of sentences and that the trial court erred in classifying him as a Tier III sex offender.

{¶2} On February 24, 2005, a Mahoning County Grand Jury indicted Simmons on two counts. Count one was for rape, a first-degree felony. R.C. 2907.02(A)(2)(B). Count two was for gross sexual imposition, a fourth-degree felony. R.C. 2907.05(A)(1)(B). Simmons pleaded not guilty, the trial court appointed counsel, and the case proceeded to discovery and other pretrial matters.

{¶3} On July 21, 2009, the parties reached a plea agreement. Plaintiff-appellee State of Ohio amended count one from rape to sexual battery, a third-degree felony. R.C. 2907.03(A)(1). The state also proposed a sentencing recommendation of three years in prison for amended count one (sexual battery) and six months for count two as indicted (gross sexual imposition) to run consecutive to one another and a stipulation that it would object to judicial release. In exchange for the amendment to count one and the sentencing recommendation, Simmons pleaded guilty to the amended count one (sexual battery) and count two as indicted (gross sexual imposition). On July 29, 2009, the trial court imposed the sentence as recommended by the parties. Simmons did not file an appeal from that judgment.

{¶4} Two years following his conviction and sentence, Simmons filed with this court a pro se motion for leave to file a delayed appeal. Because Simmons stated that he was without counsel following sentencing, was not informed of the 30-day time requirement to file a direct appeal, and lacked knowledge of appellate procedure and law, this court sustained his motion for delayed appeal and appointed him counsel.

{¶5} Simmons raises two assignments of error. Simmons's first assignment of error states:

The offenses of Sexual Battery and Gross Sexual Imposition, as charged against Appellant, are allied offenses of similar import thereby requiring the State to elect under which offense it wished to proceed for sentencing and forcing error when Appellant was sentenced on both offenses.

{¶6} In addition to protecting against a second prosecution for the same offense following an acquittal or a conviction, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); see also Ohio Constitution, Article I, Section 10 ("No person shall be twice put in jeopardy for the same offense.")

{¶7} Ohio has codified that protection in R.C. 2941.25, the multiple count statute:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} Ohio Supreme Court precedent had instructed that sentencing courts employ a two-tiered analysis in order to determine whether two particular offenses were allied offenses of similar import. The first step involved comparing the elements

of the offenses in the abstract without regard to the facts of the case (i.e., without considering the defendant's conduct) to determine whether the elements corresponded to such a degree that the commission of one offense would result in the commission of the other offense. *State v. Rance*, 85 Ohio St.3d 632, 636, 710 N.E.2d 699 (1999). *See also State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, ¶ 14-15, 23-27 (but modifying *Rance* so that an exact alignment of the elements or a strict textual comparison was not required). If they were of dissimilar import, sentencing could proceed on both; if they were allied offenses of similar import, the court proceeded to look at the defendant's conduct to determine whether they were committed separately or with separate animus. *Cabrales,* 118 Ohio St.3d 54, 886 N.E.2d 181, at ¶ 14, 31; *State v. Jones,* 78 Ohio St.3d 12, 14, 676 N.E.2d 80 (1997).

{¶9} In 2010, the Ohio Supreme Court overruled *Rance.* The Court was unable to reach a majority opinion and the decision instead contained two plurality opinions and a minority opinion. However, a unanimous Court agreed with the syllabus which held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. When combining opinions, a majority of the Court found that the *Rance* test was contrary to the plain language of R.C. 2941.25, which specifically instructs the court to view the defendant's conduct. *Id.* at ¶ 41-42 (plurality) ¶ 78 (O'Donnell, J., concurring in syllabus and judgment and concurring separately). Because *Johnson* did not contain a majority opinion, little else from the various opinions can be considered precedent. *See State v. Bickerstaff,* 7th Dist. No. 09JE33, 2011-Ohio-1345, ¶ 75. However, this Court has observed that "[o]ur only new guidance is to consider the defendant's conduct and thus the particular facts of each case to determine whether the offenses are of similar import." *State v. Gardner*, 7th Dist. No. 10-MA-52, 2011-Ohio-2644, ¶ 23.

{¶10} Simmons argues that sexual battery and gross sexual imposition are allied offenses of similar import which require that he only be sentenced for one, not

both, of the offenses. Employing the old analysis under *Rance*, Simmons maintains that, compared in the abstract, the offenses correspond to such a degree that the commission of one crime would necessarily result in the commission of the other. Simmons also argues that the offenses were not committed separately or with a separate animus.

**{¶11}** Resolution of this assignment of error is complicated by the limited record upon which to evaluate Simmons's claim, the procedural posture of this appeal, and Simmons's waiver of the issue below.

**{¶12}** The task of reviewing Simmons's conduct and the particular facts of the case to determine whether the offenses are of similar import is difficult due to the limited record before this court. There is no bill of particulars. Because Simmons pleaded guilty, there is no trial transcript.

**{¶13}** The only underlying facts that can be gleaned from the record are found in the indictment and the sentencing hearing transcript. Both counts of the indictment indicated that both offenses occurred on the same date and involved the same victim. At the sentencing hearing, the victim's mother indicated that the victim was sixteen years old at the time of the offenses. She also indicated that the offenses occurred in her home while she was there and that Simmons used such force on the victim that she was unable to cry for help.

**{¶14}** Additionally, given the somewhat unique procedural posture of this case, we are compelled to address whether the law before or after the Ohio Supreme Court's *Johnson* decision should be applied to the facts of this case. This case involves a delayed appeal. This court has observed that "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *State v. Kapsouris*, 7th Dist. No. 08 MA 265, 2010-Ohio-754, ¶ 22, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Since this case is a delayed appeal, the question turns to whether this action was "pending" when *Johnson* was announced.

**{¶15}** The Ohio Supreme Court took up this very issue in the context of its *Foster* decision. As to whether an action is pending, the court observed:

Black's Law Dictionary defines "pending" as "[r]emaining undecided" or "awaiting decision." Black's Law Dictionary (8th Ed.2004) 1169. Accordingly, for a criminal action to be "pending on direct review" for *Foster* purposes, it must have been filed in the court at the time we announced *Foster* and must have been awaiting an action or a decision at the time of our decision in that case. *Foster,* ¶ 104.

*State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 18.

**{¶16}** The record in this case reveals that the trial court sentenced Simmons on July 29, 2009. Simmons did not file a direct appeal from that judgment, and the time to do so expired on August 28, 2009. The Ohio Supreme Court issued its *Johnson* decision on December 29, 2010, and prior to that date, Simmons had not filed a request seeking a delayed appeal. Thus, Simmons had nothing "pending" as of the date the Ohio Supreme Court released its *Johnson* decision. *Johnson* therefore does not apply to Simmons's delayed appeal, as it was not pending on the date the Ohio Supreme Court released *Johnson*.

**{¶17}** Lastly, we cannot ignore the fact that Simmons has waived any allied offenses argument. Appellate review of a negotiated felony sentence is governed by R.C. 2953.08(D), which states in part: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Accordingly, this court has held that a defendant who pleads guilty in exchange for an agreed sentence waives any allied offenses argument. *State v. Savage*, 7th Dist. No. 08 MA 54, 2009-Ohio-7011. In this instance, Simmons pleaded guilty and Simmons's counsel plainly indicated at the sentencing hearing that the proposed sentence was an agreed upon sentence. (Tr. 13.) Therefore, Simmons has waived any allied offenses argument.

**{¶18}** Even if we were to address the merits of Simmons's allied offenses argument, we would nevertheless find it lacking merit. As indicated earlier, the first step to determine whether the two crimes are allied offenses of similar import is by comparing the elements in the abstract without regard to the facts of the case. *State v. Cabrales,* 118 Ohio St.3d 54, 886 N.E.2d 181, 2008-Ohio-1625, ¶ 14.

**{¶19}** In support of his allied offenses argument, Simmons relies primarily on the Ohio Supreme Court's decision in *State v. Evans*, 122 Ohio St.3d 381, 911 N.E.2d 889 (2009) where it found rape and gross sexual imposition to be allied offenses. However, allied offenses analysis depends upon comparing the elements of the offenses and *Evans* involved the offenses of rape and gross sexual imposition, that decision is unhelpful in an analysis of whether the offenses involved in this case – sexual battery and gross sexual imposition – are allied offenses.

**{¶20}** The pertinent elements of sexual battery are (1) knowingly coercing another, (2) by any means that would prevent resistance by a person of ordinary resolution, (3) to engage in or submit to sexual conduct. R.C. 2907.03(A)(1).

**{¶21}** The pertinent elements of gross sexual imposition are (1) purposely compelling another, (2) by force or threat of force, (3) to engage in or submit to sexual contact. R.C. 2907.05(A)(1).

**{¶22}** In *State v. Van Gregg*, 2d Dist. No. 13395, 1992 WL 337644 (Nov. 20, 1992), the Second District Court of Appeals took up this very issue of whether sexual battery and gross sexual imposition are allied offenses. We find persuasive their reasoning that they are not:

> It is clear from an examination of the elements of sexual battery and gross sexual imposition that the commission of one offense will not necessarily result in commission of the other. Gross sexual imposition can be committed without committing sexual battery because gross sexual imposition does not require proof of sexual conduct. Sexual battery can be committed without committing gross sexual imposition

because sexual battery does not require proof of force or threat of force.

*Id.* at *3. *See also State v. Mangrum*, 86 Ohio App.3d 156, 160, 620 N.E.2d 196 (12th Dist.1993).

**{¶23}** Thus, even if Simmons's had not waived the issue, we conclude that under the unique facts and circumstances of this case gross sexual imposition and sexual battery are not allied offenses of similar import and separate sentencing on each charge was appropriate.

**{¶24}** Accordingly, Simmons's first assignment of error is without merit.

**{¶25}** Simmons's second assignment of error states:

The imposition of a Tier III sexual offender classification was violative of Appellant's constitutional rights as it was a retroactive [sic] and therefore prohibited by Section 28, Article II of the Ohio Constitution.

**{¶26}** Pursuant to the plea agreement, the trial court designated Simmons as a Tier III sex offender pursuant to the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 (S.B. 10) – Ohio's version of the federal Adam Walsh Act.

**{¶27}** Simmons cites to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 344, 952 N.E.2d 1108, syllabus, where it held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, 109 Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Here, each of Simmons's offenses occurred prior to the enactment of S.B. 10. Therefore, Simmons contends the trial court's classification of him as a Tier III sex offender should be reversed.

**{¶28}** In response, plaintiff-appellee State of Ohio agrees that the trial court erred in classifying Simmons as Tier III sex offender under the new sex offender

classification system and that such error amounts to plain error necessitating reversal.

**{¶29}** The Ohio Supreme Court was asked to decide whether S.B. 10 was unconstitutionally retroactive when it was applied to an offender who committed a sex crime about one month prior to the enactment date of S.B. 10. *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In response to that question, the Ohio Supreme Court held that S.B. 10 is punitive in nature. *Id.* at ¶ 15, 952 N.E.2d 1108. "The statutory scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.' [*State v. Cook* (1998), 83 Ohio St.3d 404, 409, 418, 700 N.E.2d 570]. And it has changed markedly since this court concluded in [*State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110] that R.C. Chapter 2950 was remedial." *Id.* Senate Bill 10 has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction. *Id.* at ¶ 21. Thus, the Court held that applying S.B. 10 to any sex offender who committed an offense prior to its enactment violates Section 28, Article II of the Ohio Constitution, the prohibition against the enactment of retroactive laws. *Id.*

**{¶30}** As for any notion that Simmons waived the issue of his sex offender classification, the Ohio Supreme Court has held that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. However, the Ohio Supreme Court has also held that the waiver doctrine announced in *Awan* is discretionary. *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. "Even where waiver is clear, [a reviewing court may] consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.*

**{¶31}** As indicated, the Ohio Supreme Court found in *Williams* that S.B. 10 violated the Ohio constitution's prohibition against retroactive laws as applied to

defendants who committed sex offenses prior to its enactment. Given that the Court found S.B. 10 unconstitutional on the basis of the constitution's prohibition against retroactive laws, this court has found that this and the interests of justice are compelling reasons to exercise our discretion to allow an appellant's constitutional challenge despite their failure to raise it below. Although not explicitly citing to the discretionary authority to apply the doctrine of waiver to constitutional challenges that were not raised below, this court has previously exercised this discretionary authority to allow relief under *Williams*. In *State v. Weaver*, 7th Dist. No. 11 BE 12, 2011-Ohio-6402, ¶18, this court allowed relief to a defendant under the *Williams* decision despite his having failed to appeal the trial court's original sentencing decision.

{¶32} Moreover, the Ohio Supreme Court's own treatment of cases like this one post-*Williams* further supports our decision here to reach Simmons's constitutional challenge despite his having failed to raise it below. There were many cases the Court had accepted for review which involved a defendant who had lost their constitutional challenge at the trial or appellate court level. The Ohio Supreme Court stayed those cases pending its decision in *Williams*. Following the Court's decision in *Williams*, the Court reversed and remanded those cases for application of its *Williams* decision. Among those cases were ones in which the defendant had failed to raise their constitutional challenge below. *See State v. Franklin*, 182 Ohio App.3d 410, 2009-Ohio-2664, 912 N.E.2d 1197 (10th Dist.).

{¶33} Accordingly, Simmons's second assignment of error has merit.

{¶34} The judgment of the trial court is affirmed in part and reversed in part. Based upon the resolution of Simmons's second assignment of error, the trial court's classification of Simmons as a Tier III sex offender is reversed and the case remanded to the trial court to classify Simmons pursuant to the law that existed at the time he committed his offenses. Based upon the resolution of Simmons's first assignment of error, the trial court's imposition of the recommended sentence is

affirmed in all other respects.

Waite, J., concurs.

DeGenaro, P.J., concurs in part and dissents in part with attached concurring in part and dissenting in part opinion.

**{¶35}** While the majority has correctly resolved the sex offender classification issue, I respectfully dissent from the balance of the opinion for two reasons. First, Simmons has not waived the merger issue. Second, the procedural posture of the case dictates a remand for the trial court to consider merger in the first instance, pursuant

**{¶36}** First, the Ohio Supreme Court in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, held as follows: "When a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." Id. syllabus at 1. The majority has incorrectly concluded that Simmons has waived raising merger on appeal, citing to *State v. Savage*, a 2009 case from this district. Majority Opinion at ¶17. In light of Underwood, which was decided in 2010, Savage is no longer controlling.

**{¶37}** Second, the limited record on appeal is not fatal to addressing the merger issue. Instead, the approach followed by this court in *State v. Williams*, 7th Dist. No. 11 MA 131, 2012-Ohio-6277, should be applied here:

> Upon review, it appears that these offenses may be allied offenses as Williams contends, but the record is very limited, especially regarding evidence of animus, thereby inhibiting our ability to review for plain error as to whether or not any of these offenses do merge as a matter of law. The Second District held that when the record suggests that multiple offenses may be allied offenses but is inconclusive, the

trial court commits plain error when it does not conduct the necessary inquiry into whether these offenses should merge for sentencing, and remanded the case for the trial court to consider the issue of merger. *State v. Cleveland,* 2d Dist. No. 24379, 2011-Ohio-4868, 1120. Similarly, in *State v. Williams,* 7th Dist. No. 10 MA 136, 2012-Ohio-5344, where the trial court did not consider whether the defendant's convictions on multiple counts were allied offenses and should merge, this court concluded that the record lacked sufficient information to make this determination and remanded the case for a hearing on merger and for resentencing. *Id.* at ¶ 34-35. Accordingly we so hold here, and remand the case to the trial court to consider whether any of Williams' convictions are allied offenses and should merge for sentencing.

*Id.* ¶ 76.

**{¶38}** The record here is totally devoid of any facts that were the basis of the two charges for which Simmons was convicted. At sentencing, the victim's mother described for the trial court the bruising her daughter sustained, that Simmons had pulled her hair so hard and held her with so much force that she could not scream "while he did what he did to her." The majority is correct in its conclusion that Simmons's merger claim must be reviewed pursuant to pre-Johnson caselaw. However, in the present case there is an insufficient record upon which to conduct a merger analysis.

**{¶39}** Pursuant to *Underwood*, Simmons has not waived the merger issue, and consistent with this court's holding in Williams, the case should be remanded to the trial court to determine whether or not Simmons's convictions for sexual battery and gross sexual imposition can be sentenced separately or must be merged.